STATE OF HAWAII, Plaintiff-Appellee, *v.* CHARLES A. PETRIE, also known as Pete, Defendant-Appellant

NO. 7765

(CRIMINAL NO. 52850)

AUGUST 9, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED TEMPORARILY

*Per Curiam.* This appeal by the defendant Charles A. Petrie is taken from his convictions of the offenses of promoting a harmful drug in the first degree, HRS § 712-1244(1)(d) and of promoting a detrimental drug in the second degree, HRS § 712-1248(1)(d).

On February 9, 1979, the defendant sold 18 grams of a substance identified as marijuana to an undercover police officer for $100. On February 16, 1979, and March 9, 1979, he sold to the same undercover officer 12.6 and 9 grams of a substance identified as hashish for $35.00 and $30.00, respectively. On May 8, 1979, the defendant was indicted by the Grand Jury on two counts of promoting a harmful drug in the first degree (hashish) and one count of promoting a detrimental drug in the second degree (marijuana). Following a jury-waived trial, the defendant was found guilty on all three counts.

The defendant's initial argument on appeal is that his constitutional right to due process of law was violated because the statute under which he was charged is void for vagueness. He argues that HRS § 712-1244(1)(d) is unconstitutionally vague because the statute does not contain a scientific definition of hashish. Lacking this

scientific definition, the defendant claims, the statutes proscribing hashish and marijuana distribution are not sufficiently differentiated so as to give adequate notice to the public that a particular substance comes within the statutory definition of hashish. We disagree with the defendant's contentions. We think the statutory scheme involved in this case is sufficiently clear so as to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he or she can act accordingly. *State v. Kaneakua,* 61 Haw. 136, 138, 597 P.2d 590, 592 (1979); *State v. Manzo,* 58 Haw. 440, 454, 573 P.2d 945, 954 (1977); *State v. Abellano,* 50 Haw. 384, 385, 441 P.2d 333, 334 (1968).

HRS § 712-1244(1)(d), in relevant part, provides that "[a] person commits the offense of promoting a harmful drug in the first degree if he knowingly: . . . [d]istributes one or more preparations, compounds, mixtures, or substances, of an aggregate weight of one-eighth ounce or more, containing one or more of the harmful drugs or *one or more of the marijuana concentrates,* or any combination thereof." (Emphasis added) Promoting a *harmful drug* in the first degree is a Class A felony carrying with it a maximum penalty of 20 years and/or $10,000 fine.

HRS § 712-1248(1)(d), on the other hand, provides that "[a] person commits the offense of promoting a detrimental drug in the second degree if he knowingly: . . . [s]ells *any marijuana* or distributes any Schedule V substance in any amount." (Emphasis added) Promoting a *detrimental drug* in the second degree is a misdemeanor the maximum penalty for which is one year and/or $1,000 fine.

HRS § 712-1240(6) defines marijuana as follows:
"Marijuana" means any part of the plant (genus) cannabis, whether growing or not, including the seeds and the resin, and every alkaloid, salt, derivative, preparation, compound, or mixture of the plant, its seeds or resin, *except that, as used herein, "marijuana" does not include hashish,* tetrahydrocannabinol, and any alkaloid, salt, derivative, preparation, compound, or mixture, whether natural or synthesized of tetrahydrocannabinol. [Emphasis added]

HRS § 712-1240(7) defines marijuana concentrate as follows:
(7) "Marijuana concentrate" means *hashish,* tetrahydrocannabinol, or any alkaloid, salt, derivative, preparation, com-

pound, or mixture, whether natural or synthesized, of tetrahydrocannabinol. (Emphasis added)

HRS § 712-1240(2) defines harmful drug as follows:

(2) "Harmful drug" means any substance or immediate precursor defined or specified as a "Schedule III substance" or a "Schedule IV substance" by Chapter 329, or *any marijuana concentrate except marijuana*. (Emphasis added)

Read together, the statutory distinction is sufficiently clear. The statutory definition of marijuana clearly excludes hashish from its coverage, and the definition of harmful drug just as clearly excludes marijuana, as statutorily defined, from its coverage.

The defendant's second argument is that the statutory classification of hashish as a "harmful drug" violates his right to equal protection under the law. He argues that the differences between hashish and marijuana are not of such magnitude as to justify classifying hashish as a "harmful drug" while classifying marijuana as merely a "detrimental drug." The underpinning of the defendant's argument lies in his assertion that the only practical difference between hashish and marijuana is in the concentration of tetrahydrocannabinol ("THC") which is the psycho-active ingredient of the marijuana plant. On this premise, the defendant argues that the widely differing treatment of hashish and marijuana promotion offenses is violative of his equal protection rights.

The question of whether a statute or statutory scheme involves a violation of the equal protection clause requires an examination of three criteria: the character of the classification in question, the individual interests affected by the classification, and the governmental interests asserted in support of the clasification. *Maeda v. Amemiya,* 60 Haw. 662, 668, 594 P.2d 136, 140 (1979). An examination of the character of the classification and the individual interests affected by it is determinative of whether the rational basis or strict scrutiny standard is applicable. *Id.* at 668, 594 P.2d at 140. In this case, it is undisputed that neither a suspect class or a fundamental right is involved. Thus, the rational basis standard is applicable. The test of constitutionality under that standard involves an examination of whether a statute has a rational relationship to a legitimate state interest. *Id.* at 669, 594 P.2d at 141.

The defendant contends that the state does not have a legitimate interest in punishing those charged with promotion of hashish more

severely than those charged with the promotion of marijuana. We
disagree. The commentary[1] to HRS § 712-1244 states:

> ... Tetrahydrocannabinol is the recently synthesized active
> principal of marijuana. It is believed that hashish and tetra-
> hydrocannabinol, and its alkaloids, salts, derivatives, prepara-
> tions, compounds, and mixtures, will be subject to more abuse in
> the future due to the rise in popularity of marijuana, of which
> hashish is a concentrated resin extract. It is vital that persons
> tempted to deal in or use these substances be warned that their
> effects are more dangerous than those of marijuana, and that
> thus its possession and distribution are subject to severer sanc-
> tions.

The commentary makes it clear that the legislature has made a
decision that the use of marijuana concentrates poses a greater
danger than the use of marijuana.[2] This legislative decision resulted
in the imposition of more severe sanctions for the distribution of
marijuana concentrates, such as hashish. It should be noted that the
legislature's classification of marijuana concentrates in the "harmful
drug" category is consistent with federal legislation. The legislative
history evidences a deliberate attempt on the part of the legislature
to classify drugs according to dangerousness based on schedules
found in the federal "Comprehensive Drug Abuse Prevention and
Control Act of 1970."[3] Under both the Hawaii and federal sched-
ules, the principal psycho-active ingredient in marijuana (THC) is
placed in Schedule I, which is a listing of the drugs that have been

---

[1] HRS § 701-105 provides that "[t]he commentary accompanying the Judicial
Council of Hawaii's proposed draft of the Hawaii Penal Code (1970), as revised, shall
be published and may be used as an aid in understanding the provisions of the Code,
but not as evidence of legislative intent."

[2] Marijuana is listed as only a "detrimental drug" because the legislature has
concluded that it is less dangerous than hashish. The commentary accompanying
HRS §§ 712-1241 to 1250 states:

> It should be noted again that marijuana concentrates are not included under the
> term "marijuana." It now appears that marijuana is not addictive; that is, there are
> no withdrawal symptoms at the discontinuance of the use of the substance so that
> the user is not forced to continue taking it because of physical need; the substance
> has no tolerance level so there is no necessity to take more each time to achieve the
> same "high;" and finally, hallucinations and other elements of model psychosis are
> rare and appear to occur only under very large doses. Such large doses are usually
> risked only by the users of hashish. (footnotes omitted).

determined to pose "the highest degree of danger or probable danger"[4] or have "a high potential for abuse."[5] Thus, starting as we must with the basic premise that a party challenging a statute bears the burden of proving it unconstitutional beyond all reasonable doubt, *Bishop v. Mahiko,* 35 Haw. 608 (1940); *State v. Kahalewai,* 56 Haw. 481, 541 P.2d 1020 (1975); *State v. Kantner,* 53 Haw. 327, 493 P.2d 306 (1972), and the defendant having failed to disprove the presumed legitimacy of the legislature's classification of hashish as a "harmful drug," we have no difficulty in finding that the challenged classification is not improper.

Accordingly, we hold that the statutory scheme under which the defendant was charged does not violate his right to equal protection under the law. *See State v. Floyd,* 120 Ariz. 358, 586 P.2d 203 (Ct. App. 1978), *appeal dismissed,* 440 U.S. 952 (1979) (holding that the defendant was not denied equal protection when the governing statute treated hashish more severely than marijuana).

Affirmed.[6]

*Renee M. L. Yuen and Richard K. Perkins (Yuen & Perkins,* of counsel) on the briefs for defendant-appellant.

*Wayne H. Tashima,* Deputy Prosecuting Attorney on the brief for plaintiff-appellee.

---

[3] 21 U.S.C. § 812 (1976).

[4] HRS § 329-13 (1976).

[5] 21 U.S.C. § 812(b)(1)(A) (1976).

[6] We find the defendant's other specifications of error to be without merit.