**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Larry Gene RICKSTREW, Defendant-Appellee.**

**No. 84SA262.**

Supreme Court of Colorado, En Banc.

Jan. 21, 1986.

Terrance Farina, Dist. Atty., Greg Tempel, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

David F. Vela, State Public Defender, Marna M. Lake, Deputy State Public Defender, Denver, for defendant-appellee.

ERICKSON, Justice.

The prosecution appeals the order of the Mesa County District Court dismissing charges against the defendant, Larry Gene Rickstrew, for possession of marihuana concentrate (hashish) and possession of more than one ounce, but less than eight ounces, of marihuana. We reverse the judgment of the district court and remand with directions to reinstate the charges against Rickstrew. This is the second chapter of *People v. Velasquez*, 666 P.2d 567 (Colo.1983), and raises issues we have previously addressed.

I.

Rickstrew was charged in a complaint in Mesa County Court with possession of marihuana concentrate in violation of section 18–18–106(4)(b), 8 C.R.S. (1985 Supp.), and possession of more than one ounce, but less than eight ounces, of marihuana in violation of section 18–18–106(4)(a), 8 C.R.S. (1985 Supp.). After a preliminary hearing and a finding of probable cause as to both counts, the case was bound over to the

district court for trial. The defendant entered a plea of not guilty and filed several motions, including a motion to dismiss. After a hearing on the motion to dismiss, the Mesa County District Court dismissed both charges. The court found that both statutes violated due process guarantees, stating: "I find that because of this lack of distinction in the definitions that a fact finder, when trying the defendant, could not distinguish the two [offenses], that being marijuana concentrate and marijuana, and that would be a denial of due process of law." The prosecution appeals the dismissal of the charges.

## II.

Rickstrew asserts that the statutory definitions of marihuana, section 12–22–303(17), 5 C.R.S. (1985), and marihuana concentrate, section 12–22–303(18), 5 C.R.S. (1985), violate due process guarantees because they are so vague and factually indistinguishable that the citizens of Colorado are unable to determine what conduct is proscribed.

We said in *People v. Castro*, 657 P.2d 932 (Colo.1983), in reviewing a due process challenge to the Colorado statute prohibiting attempted extreme indifference murder:

> The Due Process Clauses of the United States and Colorado Constitutions, *U.S. Const.* Amend XIV; *Colo. Const.* Art. II, Sec. 25, require that criminal laws be sufficiently specific to give fair warning of the proscribed conduct to persons of ordinary intelligence.... This is not to say, however, that due process of law requires mathematical exactitude in legislative draftsmanship.... Nor is it constitutionally required that a criminal statute define every word or phrase that constitutes an element of an offense.... Due process of law is satisfied as long as the statutory terms "are sufficiently clear to persons of ordinary intelligence to afford a practical guide for law-abiding behavior and are capable of application in an even-handed manner by those responsible for enforcing the law."

657 P.2d at 939 (citations omitted); *see also People v. Blue*, 190 Colo. 95, 544 P.2d 385 (1975); *People v. Heckard*, 164 Colo. 19, 431 P.2d 1014 (1967).

We determined in *People v. Velasquez*, 666 P.2d at 567, that the distinction in the Colorado statutes between marihuana and marihuana concentrate did not violate the equal protection clauses of either the Colorado or United States Constitution. We addressed the issue raised in this case when we said:

> We recognize that because both hashish [marihuana concentrate] and ordinary marihuana originate from the same source, the plant cannabis sativa L., close questions may arise in some cases as to the appropriate categorization of the substance as one or the other.... We view this problem as a problem of proof and not as one of constitutional infirmity affecting the statutory classification.

666 P.2d at 570 n. 6.

In *State v. Petrie*, 65 Hawaii 174, 649 P.2d 381 (1982), the Hawaii Supreme Court rejected a due process challenge to a similar statute prohibiting possession of marihuana concentrate, stating: "We think the statutory scheme involved in this case is sufficiently clear so as to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he or she can act accordingly." 649 P.2d at 383.

The essence of the district court's dismissal order and Rickstrew's due process claim is that the statutory definitions of marihuana and marihuana concentrate are factually indistinguishable. We analyzed in depth the factual distinction between marihuana and marihuana concentrate in *People v. Velasquez* and held that the statutory classifications had a rational basis in fact. The distinction between marihuana and marihuana concentrate as set forth in sections 12–22–303(17) and 12–22–303(18) complies with both the equal protection and due process requirements of the Colorado and United States Constitutions.

Accordingly, we reverse the judgment of the district court and remand with di-

rections to reinstate the charges against Rickstrew of possession of marihuana concentrate and more than one ounce, but less than eight ounces, of marihuana.