STATE OF HAWAII, Plaintiff-Appellee, *v.* ROY ITSUO OKAMURA, also known as Itsuo Roy Okamura, Defendant-Appellant

NO. 7567

APRIL 29, 1981.

RICHARDSON, C.J., OGATA, LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICE MARUMOTO
IN PLACE OF MENOR, J., EXCUSED

*Per Curiam.* Appellant was convicted of violating HRS § 712-1224(1)(a), in that he knowingly possessed a writing, paper, instrument, or article of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise, and constituting, reflecting, or representing more than five bets totaling more than $500.

On this appeal, he urges the following grounds for reversal of his conviction:

*First:* State failed to prove that the alleged sporting events happened by admitting into evidence newspaper articles showing the existence of such events;

*Second:* No proper foundation was laid for the admission of the alleged gambling records into evidence in that no proper chain of custody was established;

*Third:* HRS § 712-1224(1)(a) is unconstitutionally vague in that it required the State to show only that the alleged gambling records were of a kind commonly used in gambling; and

*Fourth:* State's requested jury instruction number 2, given over appellant's objection, shifted the burden of proof from the State to appellant, and deprived appellant of his due process right to have every element of the crime with which he was charged proved beyond a reasonable doubt.

We see no merit in any of the grounds stated by appellant.

The first ground is based on HRS § 712-1228(2), which provided that in any prosecution for gambling offenses "in which it is necessary to prove the occurrence of a sporting event," a published report of its occurrence in any daily newspaper, magazine, or other periodically printed publication of general circulation, shall be admissible in evidence and shall constitute prima facie evidence of the occurrence of the event.

In a prosecution for violation of HRS § 712-1224(1)(a), it is not necessary to prove the occurrence of a sporting event because of the definition of bookmaking in HRS § 712-1220(2) that it means "advancing gambling activity by accepting bets from members of the public upon the outcomes of *future contingent events*." (Emphasis supplied)

The second ground is disposed of by *State v. Olivera,* 57 Haw. 339, 555 P.2d 1199 (1976), in which this court held that a card bearing fingerprints of defendant was properly admitted in evidence upon the testimony of a police officer, which was practically identical with the testimony of the police officer in this case, although there was no showing of chain of custody.

With respect to the third ground, we follow *State v. Taylor,* 49 Haw. 624, 425 P.2d 1014 (1967), in which this court held that the requirement of reasonable certainty of a criminal statute does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.

The fourth ground is based on a jury instruction which stated: "Proof that a person knowingly possessed any gambling record is

sufficient to establish that the person possessed the record or device with knowledge of its contents and character."

At the conference on settlement of jury instructions, appellant's attorney objected to the instruction quoted above by stating merely: "We believe that the statute is unconstitutional." No objection was made on the ground that the instruction would shift the burden of proof from the State to appellant.

Under Rule 30 of Federal Rules of Criminal Procedure, it is held that failure to object to an instruction on the ground urged on appeal forecloses review of the question. *Bateman v. United States,* 212 F.2d 61 (9th Cir. 1954); *Bartlett v. United States,* 166 F.2d 920 (10th Cir. 1948).

The provision in Rule 30 of Federal Rules of Criminal Procedure involved in those cases is identical with the language in Rule 30 of Hawaii Rules of Penal Procedure.

Affirmed.

*Stanford Nakamoto,* Deputy Public Defender, for defendant-appellant.

*Arthur Ross (Mark S. Kawata* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.