STATE OF HAWAII, Plaintiff-Appellee, *v.* EDWARD LOUIS CHONG, Defendant-Appellant

NO. 8090

(CRIMINAL NO. 54214)

JULY 22, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE TSUKIYAMA
ASSIGNED BY REASON OF VACANCY

## OPINION OF THE COURT BY HEEN, J.

Defendant appeals from a judgment of conviction on a charge of bribery, Hawaii Revised Statutes (HRS) § 710-1040(1)(b) (1976). Section 710-1040 (1)(b) states in part:

(1) A person commits the offense of bribery if: . . .

(b) While a public servant, he solicits, accepts, or agrees to accept, directly or indirectly, any pecuniary benefit with the intent that his vote, opinion, judgment, exercise of discretion, or other action as a public servant will thereby be influenced; . . .

Defendant bases his appeal on the following grounds: 1) the trial court erred in admitting testimony regarding meetings and conversations between the defendant and witnesses subsequent to the alleged bribe; 2) the trial court erred when, upon later refusing to admit the tapes of the conversations into evidence on grounds of their prejudicial effect and interjection of collateral issues, it failed to instruct the jury to disregard the evidence of the subsequent meetings and conversations already admitted; 3) the trial court erred when it failed to instruct the jury that evidence of subsequent acts should be considered only for purposes of determining intent; and 4) the evidence was insufficient to support the finding that appellant was guilty beyond a reasonable doubt of the offense of bribery.

We find no reversible error and affirm the judgment.

### FACTS

On November 16, 1979, the defendant, who was then an officer with the Honolulu Police Department, stopped Hwa Young Cho for speeding. Cho was driving a taxi. Defendant, after discussion with

Cho and inspection of his taxi, issued a total of seven citations to Cho. Cho was disturbed by this and asked the defendant if he would be available at the police station the following day to discuss the matter. Defendant replied that if Cho wanted to talk about it, he could find defendant at Fisherman's Wharf at 11:00 that night.

Cho approached the defendant that night at the restaurant. At this point the testimony of defendant and Cho differs as to what transpired. Cho testified he showed defendant the citations along with documents tending to prove that some of the citations were inappropriate. The defendant then asked Cho what he wanted the defendant to do. Cho replied that he wanted defendant to resolve his problems with regard to the citations. Nothing was said for ten minutes; then Cho gave defendant an envelope. Defendant asked what it was. Cho replied it was $200 and stated that he hoped defendant could solve his problems. According to Cho's testimony, defendant then placed the envelope in a book and began calculating in the book. Defendant informed Cho that there would be an assessment of 10 points and a fine of $300 from those citations. As they left the restaurant, defendant told Cho not to get any more tickets and that he would call him within 3 days if anything went wrong.

The defendant's testimony as to the meeting at the restaurant was similar to Cho's testimony with respect to the initial contact and the finish of the meeting. Defendant testified that when Cho came over to his table, defendant asked Cho what he wanted to talk about. Cho stated that he had something there for the defendant and produced two envelopes. Cho then slid one of the envelopes towards the defendant. Defendant inquired as to the contents of the envelope and Cho replied it was $200. Defendant pushed the envelope back to him and stated that he did not do things like that. Cho left but returned five to ten minutes later. Cho looked very despondent. After some moments of silence, Cho stated that the tickets would cause him a great business hardship and also that he had many domestic problems. Defendant testified that he felt sorry for Cho and thought that he would try to do something for him. He told Cho that he would attempt to obtain a bail forfeiture for the citations as he had previously done for himself and his mother. Cho agreed and gave defendant the citations and the money. Defendant stated that he would pay for the bail forfeitures with the money that Cho gave him.

Defendant testified that he attempted to see certain people in the Traffic Violations Bureau about arranging bail forfeitures, but was unable to do so for a couple of days. When he finally did get to see one of the workers, she informed defendant that Cho's traffic abstract indicated an outstanding violation and bail forfeiture could not be accomplished. Defendant testified that he attempted to contact Cho with regard to this but was unable to reach him.

In December, Cho and Anthony Francisco, a fellow cab driver, went to look at Cho's traffic abstract and found that the violations were still outstanding. They then went to the police department and reported that he had given defendant $200 to take care of his tickets, but defendant had not done so. Subsequently, Cho called defendant by phone and asked about the return of his $200. The defendant by then had been informed of the bribery complaint against him. Defendant told Cho that he was not going to return the money unless Cho dropped the bribery charges. Francisco also spoke to defendant. Arrangements were made for the three to meet at Maryknoll School. Both telephone conversations were recorded on tape by the police.

When the three met at Maryknoll School later that day, defendant allegedly told Cho to appear in traffic court on the appointed day and ask for a continuance of his case to a later date. Defendant would not appear in court on the later date and the case would be dismissed. When Cho asked about the money, the defendant allegedly stated that if the bribery charges were dropped, the money would be returned.

At his initial appearance in court, Cho asked for a continuance. On the later date, the defendant was not present and the case was dismissed.

During the trial the court allowed Cho to testify about the phone calls and the meeting at Maryknoll. Defendant's objection to the testimony as being prejudicial and irrelevant was overruled. A request by defense counsel to instruct the jury prior to the testimony as to the use of that evidence solely for the determination of the intent of the defendant was also denied.

Francisco also testified about the phone calls and the meeting. Defense counsel's objection to this testimony was also overruled by the trial judge.

The prosecutor subsequently attempted to introduce the tape recordings of the telephone conversations between Cho, Francisco and defendant. Defense counsel objected on the basis of relevancy and prejudice. The trial court ruled that the tapes dealt with collateral materials and were prejudicial and sustained the objection.

At the close of the case, the prosecution again attempted to have the tapes admitted into evidence but the court again denied the request.

When the court met with counsel to settle jury instructions, defense counsel did not request an instruction limiting the jury's consideration of the evidence of the telephone calls and the meeting at Maryknoll.

I.    WAS THERE ERROR ON THE PART OF THE TRIAL COURT IN ADMITTING TESTIMONY OF ACTS SUBSEQUENT TO THE ALLEGED BRIBE?

Rule 404(b), Hawaii Rules of Evidence (HRE), Chapter 626, HRS (effective January 1, 1981), states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

Although the statute was not in effect at the time of trial, it is an accurate codification of existing case law. *See Commentary* to Rule 404(b). Generally, evidence which tends to prove the commission of crimes other than the crime charged is not admissible. *State v. Apao,* 59 Haw. 625, 586 P.2d 250 (1978). The basic reason is to prevent previous acts or convictions of the defendant from being used as an inference that the defendant committed the crime charged. *See Territory v. Caminos,* 38 Haw. 628 (1950). The introduction of "other crimes" evidence raises collateral issues and creates problems such as defenses the defendant must present against assertions of collateral crimes, *State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975). However, such evidence is admissible for the limited purposes stated in Rule 404(b) where there is no great prejudicial effect. The trial court is

given the responsibility of maintaining the balance between the "probative value and prejudicial effect" in admitting this type of evidence, *State v. Iaukea, supra.*

In *State v. Murphy,* 59 Haw. 1, 575 P.2d.448 (1978), the court discussed the different views regarding the admission of evidence of other crimes. There the court stated that there are basically two theories in assessing whether evidence of other crimes should be admitted into evidence, i.e., a "liberal" and a more restrictive view.

Although the court in *Murphy,* does not preclude the application of the "liberal" standard, it is the opinion of this court that the restrictive view encompasses the liberal approach and that the satisfaction of the restrictive view criteria would clearly fulfill the requirements of the liberal view. We note that the restrictive standard of *Murphy* parallels the current standard used by the Hawaii Rules of Evidence. *See* Rules 404 and 403, HRE, and respective *Commentary.* The restrictive view states that evidence of other crimes is inadmissible except where it helps to resolve one of five issues: intent, motive, absence of mistake or accident, identity, common plan or scheme. This is very similar to the categories codified in Rule 404(b), HRE (1981). Once it is determined that the evidence falls into one of the five categories, it is necessary that the court then weigh the probative value of the evidence against the prejudicial effect it may have on the defendant. *See* Rule 403, HRE.

The court has difficulty agreeing with defendant's argument that the testimony of Cho and Francisco amounts to evidence of other crimes, i.e., Witness Intimidation or Tampering pursuant to HRS §§ 710-1071, 710-1072 (1976, as amended). However, for the purposes of this appeal, we will consider defendant's actions and statements testified to by Cho and Francisco as constituting other crimes.

In answer to the threshold question of relevancy, it is clear that the testimony given by Cho and Francisco was probative of defendant's intent. The testimony was relevant to the question of defendant's state of mind when he accepted the money from Cho as well as at the time of the conversation.

Having determined its relevance, we now must consider whether the evidence unfairly prejudiced defendant. We find the testimony regarding the phone calls and meeting was not clearly prejudicial.

Defendant's trial position was that he had only accepted the money for the bail forfeiture. Therefore, it was necessary for the State to present testimony reflecting on his intent when he accepted the money. The only other evidence available besides defendant's actions was the testimony regarding the subsequent conversations and meeting. The evidence could be interpreted to show defendant intended to keep the money and take care of the tickets for Cho. The jury was entitled to consider whether it also indicated a criminal intent on defendant's part when he first accepted the money.

We do not find any prejudice to the defendant. The evidence was not of the nature that would cause the jury to infer a propensity on the part of the defendant to commit other crimes and, therefore, a likelihood that he committed the crime charged. In *Iaukea and Murphy,* the evidence that was held properly admitted was far more damaging and prejudicial than that in this case. We find the testimony was admitted properly by the trial judge.

II. DID THE COURT ERR WHEN IT FAILED TO INSTRUCT THE JURY TO DISREGARD THE EVIDENCE PREVIOUSLY ADMITTED WHEN IT LATER REFUSED TO ALLOW THE TAPES OF THE CONVERSATIONS TO BE ENTERED INTO EVIDENCE BECAUSE OF PREJUDICIAL EFFECT AND THE INTERJECTION OF COLLATERAL ISSUES?

The trial court has the responsibility of maintaining the balance between the probative value of evidence admitted and the prejudicial effect that may be present. *State v. Iaukea, supra.* This responsibility lies in the discretion of the trial court and its exercise will not be reversed unless an abuse of that discretion is shown. *State v. Estencion,* 63 Haw. 264, 625 P.2d 1040 (1981). The burden of proof in establishing the abuse of discretion is on the appellant, *State v. Vincent,* 51 Haw. 40, 450 P.2d 996 (1969) and this must be a strong showing. *State v. Estencion, supra.* In the instant action, no abuse of discretion has been shown. We have found that the testimony of Cho and Francisco was properly admitted. We see no abuse of discretion by the trial court in failing to instruct the jury to disregard the testimony of the subsequent meeting and telephone calls. We note

that defense counsel did not ask the court to take that action and, as pointed out below, did not request a limiting jury instruction.

## III. DID THE TRIAL COURT ERR WHEN IT FAILED TO INSTRUCT THE JURY THAT EVIDENCE OF SUBSEQUENT ACTS SHOULD BE CONSIDERED ONLY FOR PURPOSES OF DETERMINING INTENT?

In those cases where trial courts have allowed evidence of other crimes, bad acts, etc. to be admitted, the better practice has been found to be to instruct the jury as to the limited purpose for which the evidence was received. This instruction will allow the jury to fully appreciate the value of the testimony without arousing undue bias against the defendant. In *State v. Murphy, supra,* the court dealt with a situation where testimony of another crime was admitted by the trial judge. The trial court gave such a limiting instruction to the jury. On appeal, the supreme court stated that the evidence was properly admitted, particularly in view of the limiting instruction.

In the case at bar, the instruction did not inform the jury of the limited use of the evidence. The limiting instruction merely told the jury that the defendant was only on trial for one offense. The instruction stated:

The defendant is not on trial for any act or conduct not alleged in the indictment.

(Transcript at 352, lines 1-2.)

However, the question arises whether, on this appeal, this court may consider the issue of the failure to give the limiting instruction. An appellate court will generally not consider questions which were not raised in the trial courts. *State v. Kahalewai,* 56 Haw. 481, 541 P.2d 1020 (1975). The court will only deviate from this rule to serve the ends of justice or to prevent a denial of fundamental rights. *State v. Bunn,* 50 Haw. 351, 440 P.2d 528 (1968). Further, a party may not assign as error the giving or refusal to give an instruction unless he objects thereto prior to the jury retiring, Rule 30(e), Hawaii Rules of Penal Procedure (1977), and not having done so, the matter is foreclosed on appeal. *See State v. Okamura,* 63 Haw. 342, 627 P.2d 282 (1981).

In the instant case, the record shows that no instruction regarding a limitation on the use of the evidence was requested nor were

any objections to the omission of a limiting instruction made by defense counsel. We hold that the question of whether the trial court erred in not giving any specific limiting instruction, either at the time the evidence was received or after the close of the evidence, is not properly before this court and, if it is error it is not plain error. *See United States v. Watson,* 623 F.2d 1198 (7th Cir. 1980); *United States v. Esquer,* 459 F.2d 431 (7th Cir. 1972), *cert. denied,* 414 U.S. 1006. We have reviewed the record carefully and are satisfied that defendant was not deprived of his fundamental right to a fair trial.

Although we find that the circumstances in this case indicate no reversible error by the trial court, we strongly suggest that trial courts, in the future, when dealing with evidence of other crimes, wrongs or bad acts, give a cautionary instruction regarding the restrictive use of such evidence prior to the offering of the evidence and during the charge to the jury. *State v. Case,* 621 P.2d 1066 (Mont. 1980); *People v. Scheidt,* 513 P.2d 446 (Colo. 1973).

IV.  WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE FINDING THAT THE APPELLANT WAS GUILTY BEYOND A REASONABLE DOUBT OF THE OFFENSE OF BRIBERY?

Section 710-1040(1)(b), HRS (1976), defines the crime of bribery as:

> While a public servant, he solicits, accepts, or agrees to accept, directly or indirectly, any pecuniary benefit with the intent that his vote, opinion, judgment, exercise of discretion, or other action as a public servant will thereby be influenced; . . .

The applicable standard of review regarding the question of sufficiency of evidence is that the appellate court must view the evidence in the light most favorable to the State, *State v. Laurie,* 56 Haw. 664, 548 P.2d 271 (1976). In the case at bar, it is undisputed that the defendant took the money from Cho. There was testimony that Cho believed the defendant was accepting the money to "take care" or "fix" the tickets. The jury apparently believed that appellant accepted the money to influence him into taking some official action. Defendant's failure to return the money upon being unable to obtain the bail forfeiture, along with his subsequent statements and actions, together with the other evidence was sufficient to support the jury's determination.

Affirmed.

*Christopher Bouslog (Alvin T. Sasaki* on opening brief; *Nelson W.S. Goo* on reply brief), Deputy Public Defenders, for defendant-appellant.

*Vicente F. Aquino,* Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.