STATE OF HAWAII, Plaintiff-Appellee, *v.* THOMAS JOHNSON, Defendant-Appellant

NO. 8011

(CRIMINAL NO. 5397)

NOVEMBER 1, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant appeals from his conviction of Negligent Homicide in the Second Degree.

On November 30, 1978, defendant was indicted by the Maui Grand Jury on a charge of Negligent Homicide in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-703 (1976). After jury trial, the defendant was convicted of the lesser offense of Negligent Homicide in the Second Degree, HRS § 707-704 (1976), which reads:

(1) A person is guilty of the offense of negligent homicide in the second degree if he causes the death of another person by the operation of a vehicle in a manner which is simple negligence.

(2) "Simple negligence" as used in this section:

(a) A person acts with simple negligence with respect to his conduct when he should be aware of a risk that he engages in such conduct.

(b) A person acts with simple negligence with respect to attendant circumstances when he should be aware of a risk that such circumstances exist.

(c) A person acts with simple negligence with respect to a result of his conduct when he should be aware of a risk that his conduct will cause such a result.

(d) A risk is within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a deviation from the standard of care that a law-abiding person would observe in the same situation.

(3) Negligent homicide in the second degree is a misdemeanor.

Defendant raises the following issues:

I. The statute is vague and overbroad;

II. The trial court erred in refusing defendant's requested instruction No. 23;

III. Defendant's conviction was based on irrelevant and prejudicial evidence;

IV. Defendant was prejudiced by the blatant misconduct of the prosecutor; and

V. The trial court erred in not finding defendant's actions de minimis and in not dismissing the case.

We find no merit in any of defendant's contentions and affirm.

## FACTS

In the early morning of August 31, 1978, defendant left his home in Kula, Maui, to go diving with his friend, Abraham Wong. Defendant drove his wife's yellow Datsun station wagon to Wong's home in Kahului. From there they rode in Wong's car. They returned to Wong's home about 11:30 a.m., had lunch and defendant drank one or two seven-ounce beers. At about 1:00 p.m., defendant left the Wong residence to return to his own home.

Defendant drove along Kamehameha Highway and entered

onto Hana Highway. While travelling along Hana Highway, defendant's auto crossed over the centerline and struck an oncoming car, fatally injuring a passenger therein.

## I. THE STATUTE IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD.

Defendant contends that HRS § 707-704 is unconstitutionally vague and overbroad in violation of due process provisions of the United States and Hawaii state constitutions.[1] He argues that it is impossible to tell from reading the statute what acts are prohibited by its terms.

A criminal statute is required to be sufficiently definite as to give notice of the type of conduct prohibited so that a citizen may know how to avoid incurring its legal sanctions. *State v. Petrie,* 65 Haw. 174, 649 P.2d 381 (1982); *State v. Taylor,* 49 Haw. 624, 425 P.2d 1014 (1967). A statute is vague which neither gives notice to a person what conduct is prohibited nor prescribes fixed standards for adjudging guilt when that person stands accused. *State v. Manzo,* 58 Haw. 440, 573 P.2d 945 (1977).

However, the mere fact that there might be difficulty in ascertaining the meaning of the statute or that it is susceptible to interpretation will not render the law unconstitutionally vague and overbroad. *State v. Prevo,* 44 Haw. 665, 361 P.2d 1044 (1961). Also, while penal statutes must be construed in favor of the accused, this rule may not be applied to defeat a reasonable, manifest legislative purpose. *State v. Ogata,* 58 Haw. 514, 517, 572 P.2d 1222, 1224 (1977). Statutory language must be read in the context of the entire statute, and the harm or evil it seeks to prevent must point the way to its construction. Where statutory language is ambiguous, yet capable of being fairly and reasonably construed, the purpose and objective which moved the legislature to enact it may be determinative of its interpretation. *Id.* 58 Haw. at 518, 572 P.2d at 1225. When any sensible construction embracing the legislative purpose may be given to the statute, it will not be held unconstitutional by reason of uncertainty. *State v. Prevo, supra.*

---

[1] United States Constitution, amendment XIV; Hawaii State Constitution, article I, section 5.

Defendant's challenge relates specifically to HRS § 707-704. However, a discussion of the general concept of negligence as a basis for liability under the penal code will be helpful in its statutory analysis. HRS, chapter 702 (1976, as amended).

The adverb *negligently* is defined in HRS § 702-206(4) (1976) as follows:

(4) "Negligently."

(a) A person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk that he engages in such conduct.

(b) A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.

(c) A person acts negligently with respect to result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

While the Commentary to the Hawaii Penal Code is not determinative of legislative objective or purpose, it is persuasive when seeking to interpret the code's provisions.

The Commentary to HRS § 702-206(4) reads in part:

The fourth type of culpability which the Code recognizes is negligence. It is distinguished from the other three types of culpability (intent, knowledge, and recklessness) in that it does not involve a state of awareness on the part of the defendant. Rather, negligence involves the inadvertent creation by the defendant of a risk of which he would have been aware had he not deviated grossly from the standard of care that a law-abiding person would have observed in the same situation. As in the case of recklessness, the risk which the negligent defendant failed to perceive must be "substantial and unjustifiable." In the final analysis the jury will have to address themselves to the factors listed in subsection (4)(d) — *i.e.*, the nature and degree of the risk, the defendant's purpose, the circumstances known to him, the

degree of deviation from a standard of ordinary care, and determine whether the behavior of the defendant should be condemned.

The Commentary to HRS §§ 707-703 and 704 discusses the distinction between the types of negligence required for the two degrees of negligent homicide. It states in part:

\* \* \* \* \*

Under the Code, § 707-703(1), a person is guilty of negligent homicide in the first degree if he causes the death of another person by the operation of a vehicle in a "negligent" manner. The statutorily defined standard of "negligence" upon which this offense is based is set forth in § 702-206(4). The actor should be aware of a "substantial and unjustifiable risk" with respect to his conduct, the attendant circumstances, and the result of his conduct. The actor's failure to perceive the risk must constitute a "gross deviation" from the standard of care that a law-abiding person would observe in the same situation. (See § 702-206(4).) The offense is a class C felony. . . . [A] person is guilty of negligent homicide in the second degree if he causes the death of another person by the operation of a vehicle "in a manner which is simple negligence." Negligent homicide in the second degree is a misdemeanor. Under § 707-704(2), a person acts with "simple negligence" when he should be aware of a "risk" (not "substantial and unjustifiable risk", as stated in § 702-206(4)) with respect to his conduct, the attendant circumstances, and the result of his conduct. His failure to perceive the risk must constitute a "deviation" (not "gross deviation", as stated in § 702-206(4)) from the standard of care that a law-abiding person would observe in the same situation.

Clearly, the legislature intended to make negligence a basis for imposing penal liability under the penal code. HRS § 702-206. It is also clear that the purpose of HRS §§ 707-703 and 704 is to impose penal liability when one causes the death of another by operating a motor vehicle in a negligent manner. The degree of negligence determines the severity of penal liability. Under both sections it is negligence for one to fail to perceive a risk created by his conduct or the circumstances attending his conduct, or that his conduct would cause a particular result, i.e., death of another person, if that failure

deviated from the standard of care a law-abiding person would observe in the same situation.

But defendant argues that he cannot, by examining the statute or the jury's verdict determine what among his various actions that day was the precise conduct expressly prohibited. As the Commentary points out, however, the statute does not focus on a singular act or circumstance but on the failure to perceive a risk based on all the circumstances. Not perceiving the risk is the culpable act.

Due process requires that a penal statute give fair notice to a person of what conduct is prohibited and prescribe fixed standards for adjudicating the guilt of a person accused. *State v. Manzo, supra.* The fixed standard in this instance entails the consideration by the jury of the following: (1) whether the facts and circumstances created a risk; (2) whether defendant failed to perceive that risk; (3) whether that failure is a "gross deviation" in violation of HRS § 707-703, or a "deviation" in violation of HRS § 707-704.

The legislative purpose is clear and the language of the statute sufficiently forewarns drivers that negligence on their part in the operation of an automobile can result in penal liability if a death ensues. The statute gives fair notice sufficient to satisfy due process requirements.

## II.   DEFENDANT'S INSTRUCTION NO. 23.

Defendant contends the trial court erred when it refused the following instruction:

It is a defense to the crime with which defendant is charged that the conduct alleged does not include a voluntary act of which the defendant is physically capable.

Because he "blacked-out" immediately prior to the collision, defendant argues that he could not have committed a voluntary act and, therefore, he may raise the defense as set forth in HRS § 702-200.[2] Defendant testified that he had no recollection of what

---

[2] Hawaii Revised Statutes § 702-200 provides:

§ 702-200 *Requirement of voluntary act or voluntary omission.*   (1) In any prosecution it is a defense that the conduct alleged does not include a voluntary act or the voluntary omission to perform an act of which the defendant is physically capable.

(2) Where the defense provided in subsection (1) is based on a physical or

happened immediately prior to the accident. All that defendant could remember was looking in the rearview mirror and then partially opening the passenger side window. Dr. Eliashof, a psychiatrist consulted by defendant regarding his lack of memory of the incident, reported that it was his opinion that the defendant had momentarily fallen asleep and his car drifted over the centerline, colliding with the other vehicle. Based upon that evidence, the defendant argues that the voluntary act or voluntary omission defense of HRS § 702-200 was applicable.

The record reveals, however, that the defense was presented to the jury by instruction No. 26, which stated:

> Defendant has contended that the automobile accident which resulted in the death in this case was the result of an unforeseeable sudden loss of consciousness. In asserting this defense, defendant does not have the burden of convincing you that he suffered such an unforeseeable sudden loss of consciousness but needs merely to have raised a doubt which upon consideration of the entire evidence is a reasonable doubt as to defendant's consciousness at the time of the accident.

Our reading of the instructions in this case indicates that they adequately stated the law and were not erroneous, inconsistent, or misleading. *State v. Napeahi,* 57 Haw. 365, 556 P.2d 569 (1976); *State v. Halemanu,* 3 Haw. App. 300, 650 P.2d 587 (1982); *cert. denied,* ____ Haw. ____ (October 7, 1982).

III. IRRELEVANT AND PREJUDICIAL EVIDENCE.

Defendant contends that the trial court erred in admitting evidence that was irrelevant and prejudicial.

A. ELEANOR PEACOCK'S TESTIMONY AS TO MOVEMENTS OF DEFENDANT'S VEHICLE PRIOR TO THE ACCIDENT.

Defendant contends that it was error for the court to allow Mrs. Peacock to testify as to her observations of a yellow car earlier than the period immediately prior to the accident.

---

    mental disease, disorder, or defect which precludes or impairs a voluntary act or a voluntary omission, the defense shall be treated exclusively according to the provisions of chapter 704.

Peacock testified that she saw a small yellow vehicle pass her a few minutes before the accident and proceed to make three to four quick lane changes in traffic. She testified that her thought at that time was, "There is a dangerous driver," and that he was breaking the law. She later caught up with the same car at a stoplight. As they proceeded after stopping for the light, the small yellow car suddenly veered across the centerline and collided with the oncoming car.

Defendant contends that Mrs. Peacock's testimony regarding the movement of the car, except for the time from and after the stoplight, was too remote from the moment of impact to be relevant and was the equivalent of evidence of other wrongs and hence should have been refused by the court. Rule 404(b), Hawaii Rules of Evidence (HRE), Chapter 626, HRS (effective January 1, 1981).[3]

Rule 404(b), HRE, states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

The evidence was illustrative of the manner in which defendant was driving his vehicle prior to the accident. The prosecutor was entitled to prove this as evidence of defendant's conduct and whether, under all of the circumstances, he should have perceived a risk resulting from his conduct.

The manner in which defendant's car was being driven was a factor which the jury could have considered in determining whether defendant was negligent and, therefore, was relevant. The court did not err.

B. CONSUMPTION OF BEER AND THE DISCOVERY OF DRUGS IN DEFENDANT'S CAR.

Defendant claims that the trial court erred when it admitted

---

[3] Although the Hawaii Rules of Evidence (effective January 1, 1981) were not in effect at the time of trial, they are cited by defendant and the State has not objected. Also, the commentary to Rule 404 states that subsection (b) generally states existing Hawaii law.

testimony over his objection that defendant drank a beer prior to the accident and the fact that drugs were found in his car.

As its last witness, the State called Dr. Arensdorf, one of a panel of examiners appointed by the court prior to trial to examine defendant and report upon his physical or mental condition at the time of the accident. Before Dr. Arensdorf could testify, defense counsel objected to any testimony relating to defendant's consumption of beer before the accident. Defense counsel argued that the testimony was prejudicial and that the prosecutor had stipulated not to introduce any such evidence in its case-in-chief. The prosecutor replied that Dr. Arensdorf was really a rebuttal witness called out of order because he was not otherwise available until late the following week. The court overruled the objection but allowed defense counsel to introduce a letter from the prosecutor relating to the "stipulation."[4] Dr. Arensdorf testified that the defendant stated he had drunk a beer; that he recalled driving along the Hana Highway; and that he had no memory of anything further until he awoke, bleeding, with his car facing in the opposite direction, and with a hole in the floor of the car.

---

[4]

Edward F. Mason, Esq.
Mason & Yoshii
2041 Main Street
Wailuku, Maui, HI 96793

June 2, 1980

    Re:  *State v. Thomas Johnson*
           Cr. No. 5397

Dear Mr. Mason:

    Attached you will find a document entitled Stipulation of Facts relating to the above-named criminal matter.

    It is my understanding that the State of Hawaii will not introduce in evidence in the presentation of its case in chief on direct, matters relating to your client's assault conviction, nor will the State introduce evidence that your client had consumed one bottle of alcohol prior to operating his motor vehicle. The latter understanding is conditioned upon your representation to me that your client did not consume any medication immediately prior to, nor during his operating, the motor vehicle on August 31, 1978. It is also my understanding that the defense will not introduce in its case in chief, evidence relating to the medication found in the vehicle.

    Thank you very much for your attention to these matter[s].

                Very truly yours,
                GERARD D. LEE LOY
                Deputy Prosecuting Attorney

Defendant argues that the stipulation should have been honored by the court and the evidence should not have been allowed. As a matter of fact, however, the defense counsel never agreed to the contents of the stipulation sent to him by the prosecutor's office.[5] Therefore, there was no stipulation and no bar to the introduction of the evidence regarding the defendant's consumption of beer in the prosecutor's case-in-chief.

During the trial, a police officer testified that he found in defendant's car a vial containing pills of Empricin with Codeine #3. The defense counsel objected to this testimony but the exact basis for the objection is unclear. The court overruled the objection and the prosecutor made no attempt to show that defendant had consumed any of the drugs.

The testimony of the discovery of drugs was not probative of any facts germane to the instant case and, therefore, was clearly irrelevant and inadmissible. However, an examination of the record fails to indicate any prejudice suffered by the defendant and the error was harmless. The defendant testified that he did not ingest any drugs prior to the accident and the court specifically instructed the jury to disregard the testimony regarding the pills.

C.   THE MAP AND MEASUREMENTS ALONG HANA HIGHWAY.

Defendant also raises as error the admission into evidence of a map and of the various measurements along the Hana Highway.

At trial, the first witness was called for the purpose of introducing a sketch of the area of the highway where the collision occurred. Although defendant raised some objection relating to details shown on the sketch, he stipulated on two occasions that it was a sketch of

---

[5] In the discussion relating to the "stipulation," the following took place between the court and the prosecutor:

MR. LEE LOY: Mr. Mason did not send me back that stipulation of facts and sent me back a counter letter dated June 3rd, 1980, and asked me to —

THE COURT: All right, so the stipulation went off?

MR. LEE LOY: And so we had no stipulations, and this — so — there was nothing ever stipulated, Your Honor.

THE COURT: Okay.

(Transcript, Vol. II at 129.)

the Hana Highway (T. 172, 1. 1-3, T. 183, 1. 18 - T. 184, 1. 3).[6] The objection was overruled and the sketch was admitted as Exhibit 1.

The second witness, a police officer, testified that he measured distances along the highway from a sign fronting Volkswagen Maui to the point of the collision. Defense counsel's objection on the grounds of materiality and relevance was overruled.

Generally, all relevant evidence is admissible unless its probative value is outweighed by its prejudicial effect, and the trial court has the responsibility of maintaining the balance between those considerations. *State v. Iaukea*, 56 Haw. 343, 537 P.2d 724 (1975). This is a discretionary responsibility and the trial court's exercise will not be overturned absent a strong showing of abuse. *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981). The burden is on the appellant to show such abuse. *State v. Vincent*, 51 Haw. 40, 450 P.2d 996 (1969).

In the instant case, the maps and distances were relevant to a general description of the area of the accident. Since there was no

---

[6]  MR. MASON: Your Honor, I object to it, Your Honor. I don't know what we're doing here, but if there is some kind of trick in this, I would object to the evidence. If he's got something he wants to show I want to —

MR. LEE LOY: I didn't want to introduce it, Your Honor, because it is just cumulative.

MR. MASON: Well, stipulate that that is a sketch of Hana Highway and go along with the case. I don't have any problem at all with that.

(Transcript, Vol. I at 171-172.)

\*     \*     \*     \*     \*

MR. MASON: Your Honor, I have no objection to this as a depiction of Hana Highway, if you can see it, that that's what Hana Highway does. However, I do object to this sketch because of all these little hash marks and little islands and arrows and lines and whatnot. For those reasons I would object to that if it is going to be used for any reason to show the movement of traffic or where a line is, or where this is or that is. I object to it because I do not think that the witness has testified that it is adequately based on a 1978 information, but as a general sketch I have no problems.

THE COURT: Well, I will overrule the objection and receive the same in evidence.

(Transcript, Vol. I at 183-184.)

\*     \*     \*     \*     \*

[MR. LEE LOY]

Q. The final question, Mr. Horner, does that sketch fairly and accurately reflect your view of Hana Highway as depicted on a sketch, that area of Hana Highway?

A. Yes, sir.

(Transcript, Vol. I at 181.)

question of where the collision took place, precision in measurements was not crucial. There has been no showing, either in the record or in the briefs, what prejudice defendant suffered by the evidence. Defendant has not sustained his burden and we find no error in the admission of the map and measurements.

## IV. PROSECUTORIAL MISCONDUCT.

Defendant charges that the prosecutor engaged in several acts amounting to prosecutorial misconduct that are grounds for reversing the judgment below.

Misconduct of a prosecutor may form the basis for setting aside a guilty verdict. However, that remedy is only appropriate where the actions of the prosecutor have deprived the defendant of a fair and impartial trial. *See State v. Apao,* 59 Haw. 625, 586 P.2d 250 (1978); *State v. Hart,* ____ Mont. ____, 625 P.2d 21 (1981), *cert. denied,* 454 U.S. 827 (1981); *State v. Bain,* -176 Mont. 23, 575 P.2d 919 (1978). The conduct complained of must affirmatively appear to be of such a nature that substantial rights of the accused were prejudicially affected. *State v. Miller,* 204 Kan. 46, 460 P.2d 564 (1969).

Our review of the record convinces us that the actions of the prosecutor taken individually and as a whole did not prejudice any substantial rights of the defendant and, in the light of all the evidence adduced, did not deprive defendant of a fair and impartial trial. *See State v. Hamilton,* 222 Kan. 341, 564 P.2d 536 (1977); *Doyle v. Ohio, supra.* We find beyond a reasonable doubt that the prosecutor's actions had little likelihood of changing the result of the trial. *See State v. Hart, supra; State v. Miller, supra.*

## V. DE MINIMIS.

Defendant contends that the trial court erred when it refused to grant his "Motion and Renewed Motion" for acquittal after the jury verdict.[7] Defendant contends that his conduct came within the

---

[7] Defendant's motion was coupled with a motion for a new trial. Defendant has not raised the trial court's denial of that motion as error in this appeal. We treat that as abandoned. *McCaw v. Tax Commissioner of Hawaii,* 40 Haw. 121 (1953); *International Trust Co. v. Suzui,* 31 Haw. 34 (1929).

provisions of HRS § 702-236, which allows a court to dismiss a prosecution if the defendant's conduct was de minimis with respect to the type of conduct which the statute prohibits.[8] Under the circumstances of a case where a death results from one's negligence, we deem it an assault on good sense to argue that the violator's actions were de minimis. Defendant's contention is completely without merit.

Affirmed.

*Edward F. Mason (Mason & Yoshii* of counsel) on the briefs for defendant-appellant.

*Marilyn M. Moniz,* Deputy Prosecuting Attorney, County of Maui, on the brief for plaintiff-appellee.

---

[8] Hawaii Revised Statutes § 702-236 (1976) provides:

§ 702-236 *De minimis infractions.* (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

(2) The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.