STATE OF HAWAII, Plaintiff-Appellee, *v.* PHILLIP WIN-
STON CHURCHILL and TODD ROGER SWANSON,
Defendants-Appellants

NOS. 8322 and 8332

(CRIMINAL NO. 55143)

JUNE 8, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendants Phillip Winston Churchill (Churchill) and
Todd Roger Swanson (Swanson) appeal from their convic-
tions of manslaughter. Hawaii Revised Statutes (HRS) § 707-
702 (1976). Defendants contend that the trial court erred in (1)
constricting the scope of voir dire examination of prospective
jurors by the prosecutor and defendants; (2) refusing an
instruction offered by defendant Churchill[1] relating to how the

---

[1] The record reflects that Swanson did not request this specific instruction. How-
ever, the record does show that he joined in Churchill's objections and argued for
acceptance of the instruction by the court. On December 18, 1981, all parties filed a
stipulation consolidating defendants' appeals, and on August 27, 1982 an order of the
supreme court was entered amending Churchill's opening brief to include Swanson's
appeal.

jury should analyze evidence pertaining to one defendant and not to the other; (3) instructing the jury on the law of accomplices; and (4) denying defendants' motions for mistrial based on prosecutorial misconduct. We find no reversible error and affirm.

The evidence indicates that on August 29, 1980 defendants, in Swanson's automobile, picked up Kenneth N. Morse (Morse) and Robert A. Mitchell (Mitchell) at a bus stop near Little Orphan Annie's, a bar in the airport industrial area of Honolulu. The four drove to a liquor store where they remained for approximately 10 to 20 minutes before continuing on towards Waikiki. Churchill drove while Swanson sat in the front passenger seat and Mitchell and Morse rode in the back seat. When they got to Ala Moana Park near the intersection of Ala Moana Boulevard and Piikoi Street, Churchill stopped the car and the occupants emerged and began fighting among themselves. In the course of the fight, Churchill kicked Morse in the head at least twice while Swanson was holding Morse down on the ground and hitting him. Churchill and Swanson subsequently left the scene. In their absence, the police and a doctor arrived and Morse was pronounced dead at the scene at 12:05 a.m., August 30, 1980. A few hours later, Churchill returned to look for his glasses. He and Swanson, who was then asleep in the car, were arrested for murder. An autopsy performed later that morning indicated the cause of death to be brain injury resulting from head trauma.

Defendants were jointly indicted and tried for murder and the jury found them guilty of manslaughter.

I.

Defendants argue that the trial court erred in not allowing counsel, including the prosecutor, to examine prospective jurors on their attitude toward general propositions of criminal law such as burden of proof and the right of the defendants to choose not to present any evidence, and in denying defense counsel the opportunity to examine into certain jurors' attitudes towards incidents occurring between "locals" and "non-locals."

The trial court restricted voir dire for the reasons expressed in the following statement to counsel made during the impaneling of the jury on April 9, 1981.

THE COURT: * * * Regarding the nature of the voir dire questions, we're now at the stage where in effect prospective jurors that come up are being asked on a one on one basis. And understand[ably] it takes longer examining the panel as a whole. And judging from what occurred on Tuesday, when we ended up selecting, we disposed of only three peremptory challenges.

\*  \*  \*

Questions that go to the bias[es] and prejudices of the prospective jurors in determining those that have biases and prejudices, that is clearly the function of voir dire, and the Court has no objections [to] both sides questioning along those lines. But the Court is concerned about questions that go to instructing the prospective jurors on the law.

At the outset, before voir dire, the Court has given preliminary instructions, for example, such as the principle [of] the presumption of innocence and in the course of voir dire, more so tha[n] has been recorded in the past, the Court has allowed considerable leeway with respect to questioning the jurors, prospective jurors, on matters that normally are considered instructions [on] the law. So up to this point, all of the prospective jurors have received some instruction on the principles of law of that type.

One of my concerns is the extensive questioning on such principles of law, does tend to give unique emphasis [to] certain areas of the law. And of course, one of the principal rules of jury instruction is that all of the instructions are to be considered as a whole without undue emphasis on one as against the other.

I think that aspect is — at this point, the Court will prohibit questions tending to instruct or educate the jurors on the law to be presented at voir dire. For that reason, the Court will require prosecutor with respect to the further questioning of prospective jurors on the voir dire, that

questions that go toward instructing or educating the jurors on the law should not be presented. I know there is strong feeling by counsel and you have strong objections but I will at this time present the opportunity [to] counsel to voice whatever objections they have.

\* \* \*

(Transcript, Vol. II, pp. 2-4)

The law is well established in this jurisdiction that the trial court is vested with discretion to regulate voir dire examination so as to keep the questioning by counsel within reasonable bounds and to confine it to assisting in the impaneling of an impartial jury. Rule 24(a), Hawaii Rules of Penal Procedure (1977); *State v. Altergott,* 57 Haw. 492, 559 P.2d 728 (1977); *State v. Le Vasseur,* 1 Haw. App. 19, 613 P.2d 1328, *cert. denied,* 449 U.S. 1018, 101 S. Ct. 582, 66 L.Ed.2d 479, *reh'g denied,* 449 U.S. 1134, 101 S. Ct. 958, 67 L.Ed.2d 122 (1980). Absent abuse of that discretion and a showing that the rights of the accused have been substantially prejudiced thereby, the trial judge's rulings as to the scope and content of voir dire will not be disturbed on appeal. *State v. Lincoln,* 3 Haw. App. 107, 643 P.2d 807 (1982).

In *State v. Altergott, supra,* 57 Haw. at 500-502, 559 P.2d at 734-735, the supreme court said:

In ruling as to a particular question, the trial judge must be guided in very large part by his appraisal of the usefulness of the question in achieving the selection of an impartial jury, which in turn will depend upon his judgment of the likelihood that the question will disclose a mental attitude which would be significant in exercising challenges, whether for cause or peremptory. The question for us is whether such a likelihood existed here and whether its existence should have been so apparent to the trial judge that his refusal to permit the question was an abuse of discretion.

\* \* \*

Although the *Robinson* court [*United States v. Robinson,* 475 F.2d 376 (D.C. Cir. 1973)] appears to distinguish

between actions of the trial court which constitute an abuse of discretion and those which prejudice substantial rights, we do not see the usefulness of the distinction. We adopt the criteria stated in *Robinson* for the purpose of determining whether the trial judge abused his discretion in the present case. * * * Here it was not even argued to the trial judge that there was any reason to believe that a juror would in fact give answers to these questions which would be significant to the exercise of peremptory challenges, although defense counsel expressed a desire to know the answers for that purpose. The trial judge was not required to agree with defense counsel as to the usefulness of the proposed questions, under these circumstances. Accordingly, we conclude that there was no error in the conduct of the voir dire examination of prospective jurors in this case.

Although in the instant case defense counsel argued to the trial court that the questions asked might reveal a bias or prejudice of the jurors against accepting or agreeing with certain basic propositions of law, there was no attempt to show that there was any real likelihood of such a result. Neither was any such argument raised here. Also, the record shows that the court posed to the jury at the outset of voir dire the same questions counsel were seeking to propound. We agree with the trial court that the questions counsel sought to ask would have overemphasized those legal precepts. It is not the function of voir dire to indoctrinate the jury or to instruct it in matters of law. *People v. Williams,* 29 Cal. 3d 392, 628 P.2d 869, 174 Cal. Rptr. 317 (1981).

Defendants rely on *People v. Williams, supra,* for the proposition that the exclusion of questions going to the attitude of the jurors towards basic legal precepts was error. However, *Williams* is distinguishable from the instant case in that the question erroneously prohibited by the trial court there was one which the appellate court held dealt with a particularly relevant legal proposition, and bore a substantial likelihood of uncovering jury bias. *Id.* 29 Cal. 3d at 412, 628 P.2d at 879, 174 Cal. Rptr. at 327.

Defendants' reliance on *United States v. Blount,* 479 F.2d 650 (6th Cir. 1973), is also unfounded. There, the trial court conducted the entire voir dire and refused defendant's request

to inquire if the jurors could accept the proposition of law that a defendant is presumed to be innocent, has no burden to establish his innocence, and is clothed throughout the trial with this presumption. In the instant case the record shows that the court put similar questions to the jury panel.

A careful review of the record indicates that defendants' contentions are unfounded and the overall conduct of voir dire satisfied constitutional requirements for a fair and impartial trial. Defendants do not have a constitutional right to examine into every possible prejudice that conceivably might be harbored by a prospective juror, and we are not at liberty to substitute our judgment for that of the trial court in exercising his discretion. *State v. Altergott, supra.*

Finally, the record shows defendants were not prejudiced by the trial court's refusal to allow them to examine certain jurors regarding their attitude toward conflicts between "locals" and "non-locals," since such attitudes were not at all relevant to the proceeding. Neither the State nor defendants raised any argument below or in this court that the attitude of a juror regarding such encounters could affect the outcome of the trial. *See State v. Altergott, supra.*

II.

Defendants contend that the court erred in refusing the following requested Instruction No. 13:

There are two defendants in this case charged under the same indictment. Unless otherwise indicated, each instruction given is to be considered by you as referring separately and individually to each defendant. It is your duty to give separate, personal consideration to the case of each individual defendant. When you do so, you are to analyze the evidence, if any, with respect to that individual, leaving out of consideration entirely any evidence that applies only to the other defendant. Each defendant is entitled to have his case determined solely from the evidence in the case which is applicable to him.

Defendants argue that the court should have given the requested instruction in order to curtail the prejudicial effect of a joint trial. In support of their argument, defendants cite *State*

*v. Chong,* 3 Haw. App. 246, 648 P.2d 1112 (1982), in which we advised the lower court to give cautionary instructions to the jury, when admitting evidence of other crimes committed by defendants, regarding the restrictive use and purpose of such evidence. Defendants contend the rationale of *Chong* is pertinent because of the prejudice inherent in joint trials and the danger that juries will consider evidence that is applicable to only one defendant as being applicable to another. Defendants also assert that the requested instruction is a correct statement of the law, and the instructions as given do not contain language in any way similar. The trial court stated that the instruction would have confused the jury.

Defendants' contention of error regarding Instruction No. 13 must be considered together with their claim that the court erred in giving the following instruction:

A person is an accomplice of another person in the commission of an offense if with the intention of promoting or facilitating the commission of the offense, he aids or agrees or attempts to aid the other person in committing it, or, having a legal duty to prevent the commission of the offense, fails to do so.

It is not necessary to prove that each defendant committed all the acts of the crime.

An accomplice who does one act which is an ingredient of the crime or immediately connected with it is as guilty as if he committed the whole crime with his own hands.

Defendants argue that the instruction given, when read together with the instructions defining the offense of murder,[2]

---

[2] The court's instruction on the definition of murder is not assigned as error, but reads as follows:

A person commits the offense of Murder if he intentionally or knowingly causes the death or [sic] another person.

There are two material elements of Murder, each of which must be proven beyond a reasonable doubt by the prosecution.

The two material elements to [sic] the offense of murder in this case are:

1. That a *Defendant or a co-Defendant who was his accomplice, or both caused* the death of Kenneth Morse; and [Emphasis added.]

2. That they did so intentionally or knowingly.

\* \* \*

allows the jury to convict both defendants as accomplices without finding that either of them had committed all the acts requisite to the offense. Therefore, absent Instruction No. 13 limiting the jury's consideration of the evidence, the court's instructions to the jury were prejudicially insufficient, erroneous, inconsistent, and misleading. They contend that the prosecution is required to prove, through evidence applicable only to him, that one co-defendant committed the offense as principal before the other co-defendant can be convicted as an accomplice. That is simply not the law.

The Hawaii law relating to accomplices is as follows:

Liability for conduct of another. (1) A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

(2) A person is legally accountable for the conduct of another person when:

\* \* \*

(c) He is an accomplice of such other person in the commission of the offense.

HRS § 702-221 (1976).

Liability for conduct of another; complicity. A person is an accomplice of another person in the commission of an offense if:

(1) With the intention of promoting or facilitating the commission of the offense, he:

\* \* \*

(b) Aids or agrees or attempts to aid the other person in planning or committing it[.]

HRS § 702-222 (1976).

The commentary on subsection (1) of HRS § 702-221 states in part, "Distinctions between principals and accessories have been dispensed with and a defendant may be convicted directly of an offense committed by another for whose conduct he is accountable." *See State v. Apao,* 59 Haw. 625, 586 P.2d 250 (1978).

In *Apao* our supreme court upheld the following instruction:

An accomplice is one who unites with another person or persons in the commission of a crime, voluntarily and with common intent. . . .

.    .    .    .

All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense or who knowingly and with criminal intent aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty of the crime.

In other words all persons who are present and participate in the commission of a crime are responsible for the acts of each other done or made in furtherance of the crime.

It is not necessary to prove that each one committed all the acts of the crime.

Each person who does one act which is an ingredient of the crime or immediately connected with it is as guilty as if he committed the whole crime with his own hands.

*Id.* 59 Haw. at 630, 586 P.2d at 255.

We note in particular that the penultimate and ultimate paragraphs in the *Apao* instruction are nearly identical to the respective paragraphs of the instruction complained of in this case. The instructions given here accurately presented the relevant law to the jury, *State v. Apao, supra,* 59 Haw. at 645, 586 P.2d at 263, and considered as a whole were not insufficient, erroneous, inconsistent, or misleading. *State v. Tyrrell,* 60 Haw. 17, 586 P.2d 1028 (1978); *State v. Apao, supra; State v. Napeahi,* 57 Haw. 365, 556 P.2d 569 (1976); *State v. Lincoln, supra.* The defendants' requested instruction, even if it were held to be a correct statement of the law, would indeed have created confusion in the jurors' minds and was not supported by the facts in this case. *See State v. Le Vasseur, supra.*

Defendants also argue that the court should have instructed the jury on the provisions of HRS § 702-223 (1976).[3]

---

[3] HRS § 702-223 provides:

Liability for conduct of another; complicity with respect to the result. When causing a particular result is an element of an offense, an accomplice in the conduct

However, defendants did not request such an instruction, did not object to the failure of the court so to instruct the jury, and will not be heard on appeal. Rule 30(e), Hawaii Rules of Penal Procedure (1977).[4]

### III.

Defendants contend that the court erred in not granting their motion for mistrial based on four instances of alleged prosecutorial misconduct during the trial. They argue that the individual and cumulative effect of the prosecutor's actions was prejudicial and deprived them of their right to a fair trial. *State v. Kahalewai,* 55 Haw. 127, 516 P.2d 336 (1973).

Misconduct of a prosecutor may form the basis for setting aside a jury verdict, but only when the actions of the prosecutor have deprived the defendant of a fair and impartial trial. *See State v. Apao, supra; State v. Johnson,* 3 Haw. App. 472, 653 P.2d 428 (1982). The conduct complained of must affirmatively appear to be of such a nature that substantial rights of the accused were prejudicially affected. *Id.*

We have carefully examined the record and are convinced that the actions of the prosecutor, though they may arguably be characterized as "misconduct," taken individually and as a whole did not prejudice any substantial rights of the defendants. and, in the light of all the evidence adduced, did not deprive defendants of a fair and impartial trial. We find beyond

---

causing the result is an accomplice in the commission of that offense, if he acts, with respect to that result, with the state of mind that is sufficient for the commission of the offense.

[4] Rule 30(e), Hawaii Rules of Penal Procedure, provides:

Instructions and Objections. The court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the refusal to give, or the modification of, an instruction, whether settled pursuant to subdivision (b) or subdivision (c), of this rule, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. Objections made to instructions at the time they were settled shall be deemed preserved even though not restated after the court has instructed the jury.

a reasonable doubt that the prosecutor's actions had little likelihood of changing the result of the trial and the trial court's denial of the motion for mistrial was correct. *State v. Johnson, supra.*

Affirmed.

*Erick T. S. Moon,* Deputy Public Defender, (*Christopher Bouslog,* Deputy Public Defender, and *Alvin T. Sasaki,* Deputy Public Defender, on the opening brief; *Arthur T. Trask, Jr.,* Deputy Public Defender, on the reply brief) for defendant-appellant Phillip Winston Churchill.

*Michael A. Weight* for defendant-appellant Todd Roger Swanson.

*Arthur E. Ross,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.