STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MICHAEL BAYBADO, Defendant-Appellant
No. 27452
In the Intermediate Court of Appeals of Hawaii.
March 22, 2007.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Peter A. Hanano, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
BURNS C.J., WATANABE AND FOLEY, JJ.
Defendant-Appellant Michael Baybado (Baybado) appeals from the Judgment filed on July 19, 2005 in the Circuit Court of the Second Circuit (circuit court).[1]
On September 20, 2004, the State of Hawai`i (the State) charged Baybado via an Indictment with Negligent Homicide in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-702.5 (1993) (Count One); Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1) (1993 & Supp. 2003) (Count Two); and Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993) (Count Three). On March 1, 2005, the circuit court granted the State's Motion to Dismiss Counts Two and Three with Prejudice.
The State alleged that Baybado caused the death of Marie Larrobis (Marie) by operating a vehicle in a negligent manner while under the influence of drugs or alcohol. The circumstances of the accident were not in dispute at trial. On October 24, 2002, a motor vehicle accident occurred at approximately 5:04 p.m. between a white passenger van (van) and a black Chevy pick-up truck (truck). The truck had crossed the center line and struck the oncoming van head on. Baybado was the driver of the truck. Ronnie Larrobis (Ronnie) was the driver of the van and his brother, Erwin, and sister, Marie, were passengers in the van. Marie died from injuries she incurred from the accident. At the accident scene, Baybado relayed to Officer Hickle that he "fell asleep."
On May 23, 2005, a jury found Baybado guilty of the included offense of Negligent Homicide in the Second Degree, thereby concluding that Baybado was not under the influence of any drugs or alcohol at the time of the accident. The circuit court sentenced Baybado to five years of imprisonment and entered its Judgment on July 19, 2005. Baybado filed a Notice of Appeal on August 18, 2005.
On appeal, Baybado argues that the circuit court erred in refusing to give his requested "voluntary act" instruction, which was based on HRS §§ 702-200 (1993) and 702-201 (1993), where there was evidence that the accident may have occurred after Baybado fell asleep.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues as raised by the parties, we conclude that the circuit court did not err in refusing to give Baybado's requested "voluntary act" instruction. In State v. Johnson, 3 Haw. App. 472, 478-79, 653 P.2d 428, 433 (1982), the trial court characterized Johnson's loss of consciousness as unforeseeable  whereas, in the instant case, Baybado's loss of consciousness was foreseeable. Baybado conceded that he fell asleep while driving. There was testimony that during the week of the accident that Baybado had trouble sleeping because of the noise created by the chickens kept outside his bedroom window; on October 24, 2002, he awoke at 5:30 a.m. to leave for work at 6:00 a.m. and he worked that day; and the employees at his workplace started work at 6:30 a.m and ended at 4:30 p.m. It was foreseeable that a man in Baybado's condition was prone to falling asleep while driving.
Based on the foregoing, the Judgment filed on July 19, 2005 in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Reinette W. Cooper presided.