STATE OF HAWAII, Plaintiff–Appellee, v. **DOUGLAS A. HIRANO**, aka Steven A. Inouye, Defendant–Appellant

NO. 14011

(CR. NO. 88–0070)

NOVEMBER 29, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

We affirm Defendant–Appellant Douglas A. Hirano's (Defendant) conviction of Burglary in the First Degree.[1] Hawaii Revised Statutes (HRS) § 708–810(1)(c) (1985).

---

[1] Defendant was charged as an accomplice to the burglary in accordance with Hawaii Revised Statutes § 702–222(1)(b) (1985).

Defendant asserts that the lower court erred in (1) denying his request to act as *pro se* co–counsel in his defense, [2] and (2) denying his motion to dismiss for violation of his Rule 48, Hawaii Rules of Penal Procedure (HRPP) (1977), speedy trial right. Defendant also contends that prosecutorial misconduct and ineffectiveness of his own counsel deprived him of a fair trial. The arguments are without merit.

## I.

Defendant was arrested and charged on December 24, 1987. Although counsel was appointed for him, on May 2, 1989, he filed a motion for leave to proceed as' co–counsel, which he orally amended to request leave to appear as *pro se* co–counsel. [3] The motion was denied.

---

[2] Defendant's opening brief is confusing. In his points on appeal, he asserts that the court erred in denying his motion to proceed *pro se*. In his questions presented, he claims that the court erred in denying his motion to proceed *pro se* and/ or as *pro se* co–counsel. In his argument he again contends that the court erred in denying his motion to proceed *pro se* and urges us to vacate the judgment and remand the case with instructions to allow Defendant to proceed *pro se*.

However, Defendant never sought to appear *pro se* below. His motion sought leave to appear as co–counsel. Subsequently, at the hearing on the motion, Defendant orally amended the motion and requested leave to appear as *pro se* co-counsel. Defendant informed the court that he knew more about the case than counsel, that he did not want to be just an observer, and that he wanted to cross-examine the witnesses, but he did not ask to appear *pro se*. Therefore, we will consider only whether Defendant had the right to appear as *pro se* co–counsel.

[3] The State challenges appellate jurisdiction over the lower court's denial of the pre–trial motions cited above, since Defendant did not designate them as error in his notice of appeal. However, as a general rule, an appeal from the final judgment in a case brings up for review all preceding interlocutory orders in the case. *Kahalewai v. Rodrigues*, 4 Haw. App. 446, 667 P.2d 839, *cert. denied*, 66 Haw. 681 (1983), *cert. denied*, 466 U.S. 971, 104 S. Ct. 2344, 80 L. Ed. 2d 818 (1984). Moreover, precision in the content of the notice of appeal is not essential to appellate jurisdiction. *See* Rule 3(c), Hawaii Rules of Appellate Procedure (1984).

We hold that Defendant did not have the right under either the sixth amendment to the United States Constitution or article I, § 14 of the Hawaii State Constitution to proceed as *pro se* co–counsel.

A.

In *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), the Supreme Court recognized a criminal defendant's right under the sixth amendment to the United States Constitution[4] to conduct his own defense and stated that a court may appoint "standby counsel" to assist a *pro se* defendant.[5] Relying on *Faretta*, defendants in a substantial number of cases have sought both assistance of counsel and the right to conduct part of the defense *pro se*. Writers have labeled such an arrangement as "hybrid representation." 2 W. LaFave and J. Israel, *Criminal Procedure* § 11.5(f) (1984); Note, *Assistance Of Counsel: A Right To Hybrid Representation*, 57 B.U.L. Rev. 570 (1971).

However, in *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984), the Supreme Court pointed out that *Faretta* does not require a trial court to permit hybrid representation, stating: "[a] defendant does not have a constitutional right to choreograph special appearances by counsel." *McKaskle*, 465 U.S. at 183, 104 S. Ct. at 953, 79 L. Ed. 2d at 136.

---

[4] The sixth amendment reads in pertinent part as follows:

In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense.

[5] Standby or advisory counsel do not actively participate in the trial, but act in an advisory capacity. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Standby or advisory counsel is not constitutionally guaranteed, but is within the discretion of the trial court. *Id.*; Note, *Assistance of Counsel: A Right To Hybrid Representation*, 57 B.U.L. Rev. 570 (1971).

Both federal and state courts have uniformly held that there is no sixth amendment right to hybrid representation, but the matter is within the discretion of the court. "The constitutional rights to self-representation and representation by counsel are viewed as mutually exclusive, though the trial court may permit hybrid representation in its discretion, as a 'matter of grace.'" LaFave, at 52 (citation omitted).

The courts often cite judicial interest in court management as the reason for denying hybrid representation. *State v. Hightower*, 36 Wash. App. 536, 676 P.2d 1016 (1984); LaFave, at 52. Other concerns militating in favor of holding that hybrid representation is within the discretion of the court are the impact of such representation on the role of counsel and the typical use of hybrid representation to permit a defendant to make an unsworn statement to the jury, usually at closing argument.

> By well established tradition, counsel has the authority to act as the "manager of the lawsuit." While the defendant has control over certain decisions, tactical decisions in particular may be made by counsel without even consulting his client. Recognition of a constitutional right to hybrid representation would place counsel in what one court described as an "inferior position." The defense counsel lacks control over the presentation of the defense when his client determines what portion of the presentation will be made by counsel and presents the remainder himself. Courts recognize that a lawyer may voluntarily accept such an arrangement. They contend, however, that recognition of a constitutional right to hybrid representation would necessarily impose an obligation upon counsel to participate in such a division of responsibility, particularly where counsel is court appointed. While the defendant may insist upon the right to representation by counsel, he cannot also, they argue,

insist that his counsel "surrender any of the substantial prerogatives traditionally * * * attached to that office."

Courts also characterize hybrid representation as a vehicle that will be utilized by the defendant to present what, in effect, will be an unsworn statement to the jury. The right of the defendant to make an unsworn statement was abolished during the nineteenth century when the common law rule of disqualification was rejected and defendants were held to be competent witnesses. Although a defendant acting as his own counsel can be restricted in his comments in much the same way as an attorney, it is difficult to keep those comments from taking on at least some of the character of the unsworn statement. That defendants are interested in achieving exactly this effect is evidenced by the fact that defendants utilizing hybrid representation commonly present their own closing argument. Where a defendant's opposition to a lawyer's assistance is so strong that he insists upon proceeding pro se, that interest outweighs the concern that he will utilize his self–representation in this fashion. The defendant requesting hybrid representation, however, acknowledges his willingness to rely on counsel's services, and here, it is argued, the trial court's concern that the defendant will use his participation as a "guise [for presenting] an unsworn statement" should be sufficient to deny that form of representation.

LaFave, at 52–53 (footnotes omitted).

### B.

This jurisdiction's appellate courts have not ruled on the question whether the right to represent oneself as a defendant in a criminal case is implied under the right to assistance of counsel

guaranteed by article I, § 14 of the Hawaii State Constitution.[6] *State v. Dickson*, 4 Haw. App. 614, 619 n.5, 673 P.2d 1036, 1041 n.5 (1983). Our constitution's language is nearly identical to that of the sixth amendment. Assuming that the right to appear *pro se* is guaranteed under the state constitution, we hold, in concert with the weight of authority, that the right does not include the right to hybrid representation. Such representation is in the discretion of the trial court.

## C.

Defendant has not addressed the question of abuse of discretion in his brief. We, nevertheless, have examined the record and find nothing to indicate abuse.

## II.

Defendant contends that the lower court erred in denying his motion to dismiss for violation of his Rule 48, HRPP, right to a speedy trial.[7] The only argument made by Defendant is that the trial court erred in excluding the period from May 2, 1988, to August 29, 1988. We disagree.

On April 28, 1988, the State filed a motion to continue the trial, then scheduled for the week of May 2, 1988, on the ground that the State's material witnesses, the only two witnesses who could place Defendant at the building where the burglary occurred, would be travelling in Japan from May 3 to May 18, 1988. Judge

---

[6] Article I, § 14 of the Hawaii State Constitution reads in pertinent part as follows:

> In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for the accused's defense.

[7] Defendant does not argue that his constitutional right to a speedy trial was violated.

Daniel G. Heely found that the witnesses were material and would be unavailable, and continued the trial to August 29, 1988. Subsequently, in ruling on Defendant's motion to dismiss, Judge Wilfred K. Watanabe held the delay excludable.

Defendant argues that the witnesses were not unavailable, and the continuance was granted for their convenience at the expense of his right to a speedy trial. The argument is without merit. The grant of the continuance was within the sound discretion of the court. *State v. Ahlo*, 2 Haw. App. 462, 634 P.2d 421 (1981), *cert. denied*, 456 U.S. 981, 102 S. Ct. 2252, 72 L. Ed. 2d 858 (1982).

Although the witnesses were available when the motion was filed and heard, their plans, if they were not prevented from carrying them out, would have made them unavailable at the time of trial. We recognize that the court could have denied the continuance and subpoenaed the witnesses, or issued a material witness order under HRS chapter 835 (1985) to ensure their attendance at the trial. However, we do not deem it an abuse of discretion for the court to reject those alternatives. The delay was properly excluded under Rule 48(c)(4)(i), HRPP, [8] and the six–month requirement of Rule 48(b) was met. [9]

---

[8] Rule 48(c)(4)(i), Hawaii Rules of Penal Procedure (HRPP) (1977), reads:

(c) **Excluded Periods.** The following periods shall be excluded in computing the time for trial commencement:

\* \* \*

(4) periods of delay resulting from a continuance granted at the request of the prosecutor if:

(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]

[9] Rule 48(b), HRPP, requires the court to dismiss a case, with or without prejudice, which has not been brought to trial within six months of the defendant's arrest or the filing of the charge.

III.

Defendant argues that he was denied a fair trial by a combination of prosecutorial misconduct and ineffectiveness of defense counsel. We disagree.

Prosecutorial misconduct may be the basis for a new trial where the prosecutor's actions deprived the defendant of a fair trial. *State v. Johnson*, 3 Haw. App. 472, 653 P.2d 428 (1982). The question is whether the prosecutor's actions "substantially prejudiced [Defendant's] 'fundamental right to have the jury fairly evaluate the merits of [his] defense.'" *State v. Apao*, 59 Haw. 625, 641, 586 P.2d 250, 261 (1978) (citation omitted). In determining whether prosecutorial misconduct resulted in substantial prejudice we consider (1) the nature of the alleged misconduct; (2) the promptness of any curative instruction; and (3) the strength of the evidence against the defendant. *State v. Marsh*, 68 Haw. 659, 728 P.2d 1301 (1986).

In reviewing a claim of ineffective assistance of counsel, the standard for determining adequacy of representation is whether the assistance provided, viewed as a whole, is within the range of competence demanded of attorneys in a criminal case. *State v. Antone*, 62 Haw. 346, 615 P.2d 101 (1980). A defendant claiming ineffective assistance of counsel must show (1) specific errors or omissions reflecting a lack of skill or judgment; and (2) that the errors or omissions resulted in withdrawal or impairment of a potentially meritorious defense. *State v. Antone, supra.*

Defendant complains of the following acts by the prosecutor: (1) telling the jury in the prosecutor's opening statement that the police learned Defendant's real name (he had given police an alias when arrested) when they processed his fingerprints; (2) stating to the jury in the opening statement that a witness who had seen Defendant at the scene of the crime either could not, or would not, identify Defendant, perhaps because of the witness' bad eyesight;

and (3) accusing defense counsel, in an objection made during defense counsel's opening statement, of having no good faith basis to represent that he would call the witness who could not or would not identify Defendant. [10]

Defendant contends that defense counsel was ineffective for not objecting to the prosecutor's actions and for allowing: (1) the State to introduce in evidence photographs of Defendant taken at the police cellblock when he was arrested; and (2) Defendant to testify that he was on parole and had left a drug rehabilitation program without permission at the time of his arrest.

The evidence against Defendant was overwhelming. The burglary victim's neighbor testified that he saw Defendant at the apartment building where the burglary occurred. When he checked the victim's apartment, he found the door open, the window louvers removed, and the apartment ransacked. When the police arrived soon thereafter, the neighbor gave them a description of the person he had seen at the building. A short time later, acting on the description, the police approached Defendant, who was in the neighborhood, in order to question him. However, Defendant ran away. When Defendant was captured a few minutes later, he had some of the victim's jewelry in his pocket. Defendant subsequently confessed that he "assisted" in the burglary. At trial, Defendant was identified by the neighbor.

In light of the evidence, the prosecutor's statements were not damaging to Defendant. Consequently, we find beyond a reasonable doubt that the prosecutor's statements had very little likelihood of altering the result of the trial. *State v. Churchill*, 4 Haw.

---

[10] With regard to argument no. 1, Defendant asserts that the prosecutor's statement informed the jury that Defendant had been "routed through" the criminal justice system before. In argument no. 2 Defendant contends the prosecutor was injecting his personal views into the case. With regard to argument no. 3 Defendant contends that the prosecutor's statement "demeaned" defense counsel in the eyes of the jury.

App. 276, 664 P.2d 757 (1983). Moreover, the record clearly shows that defense counsel's actions did not result in the withdrawal or impairment of a potentially meritorious defense. Finally, even in combination, the actions of the prosecutor and the alleged errors or omissions of defense counsel did not deprive Defendant of a fair trial.

Affirmed.

*Richard T. Pafundi* on the brief for defendant–appellant.

*Patricia A. Loo,* Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.