STATE OF HAWAIʻI, Plaintiff–Appellee, v. **CHARLES BERNARD HASSARD, JR.**, Defendant–Appellant

NO. 15549

(CR. NO. 90–1012)

NOVEMBER 23, 1992

BURNS, C.J., HEEN AND WATANABE, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant–Appellant Charles Hassard (Defendant) appeals from his convictions for the offenses of Robbery in the First Degree, Terroristic Threatening in the First Degree, Burglary in the First Degree, Assault in the Second Degree, Possession of a Firearm by a Person Convicted of Certain Crimes,[1] and Terroristic Threatening in the First Degree.

The evidence shows that Defendant, a convicted felon, armed himself with a rifle and went to Sand Island to confront Gilbert Enos (Enos) who was living there with his girl friend, Arva. Defendant had gone there to confront Enos because Defendant's

---

[1] In this opinion, the charge of Possession of a Firearm by a Person Convicted of Certain Crimes will be referred to as Count V.

girl friend had informed Defendant that earlier that day Enos had threatened to harm her and Defendant.

When Defendant arrived on Sand Island, he found Enos outside a tent in which Enos and Arva were living. Defendant pointed the rifle at Enos, struck Enos in the face with the rifle butt, and threatened to kill Enos if he threatened Defendant's "wife" again. Defendant then entered the tent, pointed the rifle at Arva and made a motion like he was going to hit her. Defendant then took the pouch Arva was wearing around her waist and left.

## 1.

The court instructed the jury that the essential elements of Count V were (1) the ownership, possession, or control of a firearm, and (2) a previous felony conviction. We agree with Defendant's argument that the instruction was incorrect because it did not advise the jury that the State had to prove a third element: that the Defendant intentionally, knowingly, or recklessly possessed the firearm. *See State v. Pinero*, 70 Haw. 509, 778 P.2d 704 (1989).

At trial, Defendant did not object to the instruction nor offer an instruction that outlined the elements of the offense. Consequently, the question is whether the court committed plain error. An appellate court may take notice of errors which were not brought to the attention of the trial court where the errors are obvious or otherwise affect a party's substantial rights. *State v. Fox*, 70 Haw. 46, 760 P.2d 670 (1988).

The State argues that Defendant's substantial rights were not prejudiced because the following instructions satisfactorily instructed the jury that the State had to prove intent as an element of the offense:

> The burden is always upon the prosecution to prove both an act and intent to commit that act beyond a reasonable doubt.

In every crime, there exists a union or joint operation of act and intent.

The purpose of requiring both an "act" and "intent" is to insure that no one would be convicted for an act done because of mistake, or accident, or other innocent reason.

A person acts intentionally with respect to his *conduct* when it is his conscious object to engage in such conduct.

A person acts intentionally with respect to *attendant circumstances* when he is actually aware of the existence of such circumstances, or believes or hopes that they exist.

A person acts intentionally with respect to a *result* of his conduct when it is his conscious object to cause such a result [emphasis in original].

We disagree.

In *Pinero*, the supreme court pointed out that the statutory definition of the offense of possession of a firearm by a convicted felon does not include the applicable state of mind element. Consequently, the applicable state of mind element "is established when a previously convicted felon possesses or controls a firearm 'intentionally, knowingly, or recklessly.' HRS § 702–204." *Pinero*, 70 Haw. at 526, 778 P.2d at 715. Stating that "[e]rroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial," *id.* at 527, 778 P.2d at 716 (quoting *Turner v. Willis*, 59 Haw. 319, 326, 582 P.2d 710, 715 (1978)), the supreme court held it was error for the trial court not to inform the jury about the mental element of the offense.[2]

---

[2] The record in *State v. Pinero*, 70 Haw. 509, 778 P.2d 704 (1989), shows that the trial court gave the jury a general instruction defining the intentional, knowing, and reckless states of mind. In this case, the trial court did not instruct the jury on the knowing or reckless states of mind.

In this case the court gave the jury separate instructions setting forth the essential elements of each of the charges against Defendant. For each of the charges, other than Count V, the court instructed the jury that the State was required to prove beyond a reasonable doubt that Defendant had acted intentionally. The instruction on Count V's elements did not inform the jury that the State had to prove any state of mind. The fact that the court specifically instructed the jury that the State was required to prove a mental element for each of the other charges against Defendant but did not so instruct them as to Count V could have misled the jury into thinking that the mental element was not an essential element of Count V. The jury could have compared the instructions and decided that the State was not required to prove a mental element in Count V.

The instructions relied on by the State are not specifically related to Count V. Consequently, they cannot, in our view, be said to amount to an instruction that the State was required to prove an intentional, knowing or reckless state of mind in order to convict Defendant on that count.

The record does not affirmatively show that the error was not prejudicial.

## 2.

Defendant claimed at trial that he was intoxicated to the point where he was not responsible for his actions. Defendant argues that prosecutorial misconduct occurred when the prosecutor, during rebuttal, argued that Defendant's expert was not an authority on intoxication or on the effect that Defendant's claimed intoxication may have had on Defendant's mental state at the time of the offense. The prosecutor told the jury, "He's no more of an expert than you and I." Defendant's objection to the argument was overruled.

Prosecutorial misconduct may be the basis for a new trial where the prosecutor's actions deprived the defendant of a fair

trial. *State v. Hirano*, 8 Haw. App. 330, 802 P.2d 482 (1990), *cert. denied* 71 Haw. 668, 833 P.2d 901 (1990). The question is whether the prosecutor's actions substantially prejudiced the defendant's fundamental right to have the jury fairly evaluate the merits of his defense. In determining whether prosecutorial misconduct resulted in substantial prejudice we consider (1) the nature of the alleged misconduct; (2) the promptness of any curative instruction; and (3) the strength of the evidence against the defendant. *Id.*

We are not convinced that the argument amounted to a personal opinion on the witness' credibility. Moreover, in view of the overwhelming nature of the evidence, the statement did not deprive Defendant of his right to a fair trial.

### 3.

The trial judge imposed mandatory minimum sentences for each of Defendant's convictions in accordance with Hawai'i Revised Statutes (HRS) § 706–660.1(b).[3] The State concedes that

---

[3] At the time of the offense, Hawai'i Revised Statutes (HRS) § 706–660.1(b) read as follows:

**Sentence of imprisonment for use of a firearm in a felony.**

\* \* \*

(b)   A person convicted of a second firearm felony offense as provided in subsection (a), herein, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, shall in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:

(1)   For murder in the second degree—twenty years;

(2)   For a class A felony—thirteen years, four months;

(3)   For a class B felony—six years, eight months; and

(4)   For a class C felony—three years, four months.

The sentence of imprisonment for a second felony offense involving the use of a firearm as provided in this subsection shall be exempted from the

the court erred because the record contains no evidence that Defendant's prior felony conviction involved the possession, use, or threat to use a firearm. Our review of the record confirms the lack of evidence. Therefore, HRS § 706–660.1(b) was inapplicable. The proper sentencing statute is § 706–660.1(a).[4,5]

procedure for determining minimum term of imprisonment prescribed under section 706–669, provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706–670 only upon the expiration of the term of mandatory imprisonment fixed under (b)(1), (2), (3), or (4), herein.

As used in this section, "firearm" has the meaning defined in section 134–1.

Act 260, § 1, 1987 Haw. Sess. Laws 814–15.

[4] At the time of the offense, HRS § 706–660.1(a) read as follows:

(a) A person convicted of a felony, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offenses be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:

(1) For murder and attempted murder in the second degree—up to fifteen years;

(2) For a class A felony—up to 10 years; and

(3) For a class B felony—up to 5 years; and

(4) For a class C felony—up to 3 years.

The sentence of imprisonment for a felony involving the use of a firearm as provided in this subsection shall not be subject to the procedure for determining minimum term of imprisonment prescribed under section 706–669, provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706–670 only upon the expiration of the term of mandatory imprisonment fixed under (a)(1), (2), (3), or (4), herein.

Act 260, § 1, 1987 Haw. Sess. Laws 814–15.

[5] An amendment to HRS § 706–660.1(a) and (b) in 1990, Act 195, § 5, 1990 Haw. Sess. Laws 422, 423–24, took effect after the offenses in this case.

### 4.

Finally, Defendant argues that the court erred in denying his motion for a judgment of acquittal on the burglary in the first degree count on the ground that, since the tent he was charged with having entered was not a building, it was not a dwelling within the definition of HRS § 708–810 (1985).[6]

The evidence in this case clearly showed that Defendant entered a tent which was used by the victims for lodging.[7] Thus, the only question is whether the tent was a building within the definition of HRS § 708–800(1) (Supp. 1991).

HRS § 708–800(1) defines a building as "any structure, and the term includes any vehicle, railway car, aircraft, or watercraft used for lodging of persons therein[.]"

Black's Law Dictionary (6th ed. 1990) defines a structure as:

> Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind.
>
> A combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land.

*Id.* at 1424.

Once erected, as in this case, a tent is clearly a structure by those definitions and, therefore, a building.

---

[6] HRS § 708–810(1)(c) (1985) reads as follows:

> **Burglary in the first degree.** (1) A person commits the offense of burglary in the first degree if he intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
>
> * * *
>
> (c)　He recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

[7] HRS § 708–800 (Supp. 1991) defines a dwelling as "a building which is used or usually used by a person for lodging."

## CONCLUSION

We vacate Defendant's Count V conviction and affirm his other convictions. However, we vacate the mandatory minimum sentences imposed by the court on the convictions we affirm. This matter is remanded for retrial on Count V and for resentencing to mandatory minimum terms of imprisonment on the affirmed convictions in accordance with HRS § 706–660.1(a).

*Edward K. Harada*, Deputy Public Defender, on the brief for defendant–appellant.

*James H. S. Choi*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.