STATE OF HAWAVI, Plaintiff-Appellee,
v.
RANDALL L. JAY, Defendant-Appellant
No. 28647.
Intermediate Court of Appeals of Hawaii.
June 30, 2008.
On the briefs:
Chester M. Kanai for defendant-appellant.
Delanie D. Prescott-Tate, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

MEMORANDUM OPINION
RECKTENWALD, C.J., WATANABE, AND LEONARD, JJ.
Defendant-Appellant Randall L. Jay (Jay) appeals from the judgment entered by the Circuit Court of the First Circuit (circuit court) on June 13, 2007,[1] convicting and sentencing him for two counts of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (1993 & Supp. 2003), one count of Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993), and one count of Theft in the Fourth Degree, in violation of HRS § 708-833(1) (1993).
We conclude that the circuit court[2] erred in denying Jay's motion to dismiss the charges against him for violation of Hawai`i Rules of Penal Procedure (HRPP) Rule 48 (Rule 48 Motion) and, accordingly, we (1) vacate the June 13, 2007 judgment; (2) reverse the order denying Jay's Rule 48 Motion entered on June 22, 2007; and (3) remand this case to the circuit court for dismissal of the charges against Jay, with or without prejudice in the circuit court's discretion, pursuant to HRPP Rule 48(b).

A.
HRPP Rule 48(b)(1) generally provides that a court, on motion of a defendant, shall dismiss charges against the defendant, "with or without prejudice in its discretion, if trial is not commenced within 6 months . . . from the date of arrest if bail is set or from the filing of the charge, whichever is sooner[.]" Pursuant to HRPP Rule 48(c) and (d), however, certain periods of delay are excluded from the calculation of the six-month period:
(c) Excluded periods. The following periods shall be excluded in computing the time for trial commencement:
(1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges;
. . . .
(3) periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel;
(4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:
(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date;
. . . .
(5) periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant;
. . . .
(8) other periods of delay for good cause.
(d) Per se excludable and includable periods of time for purposes of subsection (c) (1) of this rule.
(1) For purposes of subsection (c)(1) of this rule, period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor for withdrawal of counsel . . ., for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.
In this case, Jay was arrested on December 6, 2003. He was arraigned in the District Court of the First Circuit[3] (district court) on December 9, 2003 and demanded a preliminary hearing, which was held on December 11, 2003. After determining that probable cause existed for extended restraint of Jay's liberty, the district court committed Jay to the circuit court for further proceedings. On December 15, 2003, Jay was charged by way of complaint in the circuit court.
On October 12, 2006, Jay filed his Rule 48 Motion. By that time, a total of 1,041[4] days had elapsed since his arrest date.
Jay concedes that the circuit court properly excluded the following periods of delay reduced by periods of overlap (a total of 819 days) in determining his Rule 48 Motion because the delays were caused by several defense motions, continuances, and waivers of his right to a speedy trial: 

 Beginning Number of
 Cause of Delay Date End Date Excludable Days
Defendant's first motion to 2/17/04 6/1/04 106
continue trial week
Defendant's motion to 5/17/04 9/13/04 104
continue trial
Defendant's motion to 8/23/04 2/13/05 154
continue trial
Defendant's limited waiver 2/14/05 4/18/05 63
of right to speedy trial
Defendant's limited waiver 4/18/05 6/27/05 70
of right to speedy trial
Defendant's motion for 5/26/05 10/24/05 119
continuance of 6/27/05
trial week and setting of
corresponding pretrial
motion deadline
Continuance of hearing on 10/24/05 1/17/06 85
motion to suppress from
10/19/05 to 1/11/06 and
resetting trial to 1/17/06
Defendant's motion to 6/16/06 10/12/06 118
determine voluntariness

Jay challenges, however, the circuit court's exclusion of the period from January 17, 2006 to June 16, 2006 (151 days) in determining that HRPP Rule 48 was not violated.

B.
Relevant to this exclusion, the record indicates that on March 23, 2005, Jay filed a motion to suppress evidence (Motion to Suppress) that was initially scheduled for hearing on April 8, 2005. At a trial status conference on April 5, 2005, Plaintiff-Appellee State of Hawai`i (the State) informed the circuit court[5] that it was not ready to proceed to trial on April 18, 2005 because it. was unable to locate a material witness, security guard Scott Goodwin (Goodwin). Accordingly, the circuit court reset trial for the week of June 27, 2005 by agreement of counsel and rescheduled the hearing on the Motion to Suppress from April 8, 2005 to May 24, 2005. Subsequently, the hearing on the Motion to Suppress was reset for June 15, 2005, October 19, 2005, and then January 11, 2006 by agreement of the parties.
At the January 11, 2006 hearing on the Motion to Suppress, the State again requested a continuance of the hearing and asked that the trial scheduled to begin on January 17, 2006 be reset because the State had not located Goodwin. The State stated that although it had verified Goodwin's address and left several messages, it was unable to make contact with Goodwin. Upon questioning by the circuit court, the deputy prosecutor was not able to describe the State's specific efforts to contact the witness, or the dates and methods of contact. The defense objected to the continuance and announced that it was ready to proceed to trial, but the circuit court granted the motion to continue the hearing until June 21, 2006 and continued trial to June 26, 2006. The circuit court[6] orally explained its ruling as follows:
Okay. The court is prepared to rule on the motion to continue both the hearing and the trial based on unavailability of the security officer, which is a critical witness for the State. The court will take judicial notice of the records and files. I spoke at length with counsel in chambers and I just want to put on [the] record the court's concern.
This is an offense that occurred in May 2003 and the indictment was filed in [sic] June 6th, 2003. It involves an alleged shoplifting incident in which the security guard made a search of the defendant's belongings and allegedly uncovered drugs and paraphernalia which form the basis for the felony counts in this case. It's not a complicated case. A shoplifting case, an eyewitness allegedly found.
It is now 2006. We've had continuances on this matter, primarily by the defense, as well as at the request of the defendant for new counsel. The continuances were June 1st, 2004, September 13th, 2004; February 14th, 2005; April 18th, 2005; June 27th, 2005; October 24th, 2005. And the court is concerned that, you know, two to three yea try a case of this complexity comlexity is not warranted.
I am concerned that only today when the trial is set for Monday thatand I had to order a panel for Monday, that I learned that the security guard is not available. I'm supposedI'm assuming that they found out today that the security guard is not available because if you found out before today, it would have been earliest to let the court know and defense counsel know that they were not able to get a hold of this person and a continuance is necessary. I imagine that if I didn't ask for this hearing today that I might have found out Monday morning when the panel came in that the witness was not available. So I say strongly that's not the way to manage a calendar with cases.
I place some burden on counsel in front of the court as to the statuses of the case if it cannot proceed as scheduled rather than waiting for the court to have some type of hearing or proceeding and then inform the court. So I'm concerned that on the hearing of a motion to suppress, the court is finding"out at this hearing that the witness is not available today and may not be available for trial next week and the State cannot represent to the court what efforts were made.
The State cannot represent to the court when, if ever, this witness will become available and, under State v. Lee, when the court grants a continuance, the court should have an idea of the likelihood of the appearance of this witness so the court can set this date.
But of significance to the court is not only the State is asking for this, and I'm concerned just [sic] the diligence of the State, but it is their first request and they have consented to the continuances, all of which were requested by the defense. I think it would be unfair for the State at this point, after the defense have asked for this amount of delay, that the State is not given an opportunity to get their witness available because then, in effect, the defense have [sic] benefitted by continuing this case for two years and, I think, based on fundamental fairness the court should give the State one, at least this one opportunity to get their case together and get this witness.
If this witness is not available, then obviously I expect the State to nolle pros this case because they cannot make him available, proceed with this case. But if he is available, then they should have the opportunity to proceed.
So I'm going to grant the continuance. I'm going to find good cause because of unavailability of this witness. The trial is going to be rescheduled to June 26. This is a firm trial date. This should give more than adequate time. I'm going to continue the hearing on the motion to suppress to March 8th at two o'clock.
(Emphasis added.) At status conference on June 16, 2006, Jay filed a voluntariness motion, and the circuit court ordered that the Motion to Suppress be heard on October 23, 2006 and that trial be accordingly reset for the week of October 23, 2006.
On October 12, 2006, Jay filed his Rule 48 Motion. Attached to the motion was a declaration by Jay's counsel which attested to the following:
11. On May 26, 2005, Declarant caused to be filed a Motion by Defendant Jay for Continuance of The June 27, 2005 Trial Week. (Exhibit "N" face sheet only) The hearing on Motion was rendered moot because at trial status conference held on June 15, 2005, the parties stipulated to continue the trial of June 27, 2005, to the week of October 24, 2005. The parties also agreed to continue the hearing on Motion for Suppression from May 25, 2005, to October 19, 2005. The court gave the case "priority setting" status. (Exhibit "O")
12. On September 22, 2005, a telephone message was received from [the] Deputy Prosecutor . . . requesting a continuance. (Exhibit "P")
13. On September 26, 2005, Declarant returned the call and left a message with [the] Deputy Prosecutor .
14. On September 26, 2005, a second telephone message was received from [the] Deputy Prosecutor . . requesting a continuance. (Exhibit "Q")
15. On September 28, 2005, Declarant spoke with Defendant Jay about the possibility that the State may request a continuance of the October 24, 2005 trial week. Defendant Jay said he did not object to a trial continuance.
16. On September 28, 2005, Declarant spoke with [the] Deputy Prosecutor. . . . She requested continuances of the October 24, 2005 trial week and the October 19, 2005 hearing on Motion for Suppression. Declarant informed [the] Deputy Prosecutor . . . the defense had no objection.
17. Later on September 28, 2005, Declarant was informed by [the] Deputy Prosecutor . . . that the trial was continued to the week of January 17, 2006, and the hearing on Motion for Suppression was continued to January 11, 2006.
Attached to the declaration as Exhibits "P" and "Q" were telephone messages for Jay's attorney, dated September 22 and 26, 2005, which indicated that the deputy prosecutor had called and wanted Jay's attorney to call her regarding the need for a continuance of the October 19, 2005 hearing on the Motion to Suppress involving Goodwin.
In its two memoranda opposing the motion, the State did not describe its efforts to contact Goodwin after the April 5, 2005 status conference, when it was first revealed that Goodwin could not be located. At the hearing on the motion, the State also did not present any evidence regarding its attempts to locate Goodwin. The deputy prosecutor merely stated her understanding that investigators of the prosecutor's office had attempted to locate Goodwin on the mainland; had obtained a phone number for, she believed, Goodwin's parents' home; and were in the process of trying to make contact with him. However, the deputy prosecutor did not have any documentation with her regarding what had been reported to her by the investigators.
The circuit court denied the Rule 48 Motion, after concluding that the period from January 17, 2006 to June 16, 2006 was excludable in determining whether HRPP Rule 48 was violated. Before ruling, the circuit court engaged defense counsel and the deputy prosecutor in the following colloquy:
THE COURT: I'd like to place one matter on the record. Would counsel agree for the purposes of this record that when the Court attempted to set the motion to suppress, counsel had agreed to do it close in time to the trial so that the witness did not have to be brought back twice because I had attempted to set it, this motion, earlier, but my understanding from both counsel was that they was [sic] agreeable to make it close in time to the trial so that if the motion was denied, then we could just keep the witness here to save cost and then proceed to trial, just for the purpose of this record.
[DEFENSE COUNSEL]: I believe that was so true, to schedule the suppression hearing fairly close to the trial week so that the witness need not return twice. I do recall something like that.
[DEPUTY PROSECUTOR]: Your Honor, that's my recollection also.
The circuit court then stated:
[T]he Court notes the motion to suppress, which is currently set just before the trial, had not been disposed of by agreement of counsel for the reason that, again as indicated, to save the cost of having to fly in this witness twice because I had wanted to do it earlier but it was counsel that had contacted the Court and both counsel to agree to keep moving this motion which I had done by the request of both counsel, so motion's denied.
In its Findings of Fact, Conclusions of Law and Order denying Jay's Rule 48 Motion, the circuit court found and concluded, in relevant part, as follows:
FINDINGS OF FACTS
. . . .
9. At the January 11[, 2006] hearing on the motion to suppress, the State requested the continuance of the motion and trial week because of the unavailability of a material witness. After finding good cause, the court continued the trial to the week of June 26, 2006 and the suppression hearing was reset to June 21, 2006.
. . . .
CONCLUSIONS OF LAW
. . . .
3. The records and files in the instant case show the excludable periods where Defendant Jay agreed to trial continuances. Periods"of delay resulting from a continuance granted upon the request or with the consent of the defendant or his counsel are excludable. State v. Mata, 1 Haw. App. 31, 613 P.2d 919 (1980).
4. When the trial court grants a continuance of indefinite duration at the request or with the consent of the defendant or his [or her] counsel, and the defense does not request an end to the continuance, the entire period of the continuance is excluded under Rule 48(c)(3), HRPP. State v. Miller, 4 Haw. App. 602, 671 P.2d 1037 (1983).
5. The record and files also show that Defendant Jay agreed to continuances of his motion to suppress so that his motion to suppress was to be heard near the commencement of trial when the State's material witness would be available. Pursuant to Rule 48(d)(1), HRPP (effective December 5, 1994; amended July 1, 2000) these periods from the filing of Defendant Jay's motions through the prompt disposition of Defendant Jay's motions are per se excludable.
6. Based upon the excluded periods of time for commencement of trial under HRPP Rule 48(c) as shown hereinabove, there are valid reasons to justify the delay in the instant case and that the record clearly shows that Defendant Jay has continued this case many times and waived his Rule 48 and Speedy Trial rights. The trial week is within the Rule 48 deadline.

C.
In reviewing an order denying an HRPP Rule 48 motion to dismiss, we apply the clearly erroneous standard for the circuit court's findings of fact and the right/wrong standard for the circuit court's determination of whether or not a period of time is excludable. State v. Diaz, 100 Hawai`i 210, 216-17, 58 P.3d 1257, 1263-64 (2002). Applying these standards, we hold that the circuit court incorrectly excluded the period of delay from January 17, 2006 to June 16, 2006, attributable to a continuance requested by the State due to Goodwin's unavailability, in determining that there was no violation of HRPP Rule 48.
We conclude, first of all, that the circuit court's fourth and fifth conclusions of law are wrong. The record reflects that while Jay may have initially agreed to continuances of the hearing on his Motion to Suppress, he vigorously objected to a further continuance at the January 11, 2006 hearing. Additionally, if Jay initially agreed to an open-ended continuance of the hearing on the Motion to Suppress so that the motion could be heard close to trial, he clearly requested an end to that agreement at the January 11, 2006 hearing. See State v. Miller, 4 Haw. App. 603, 606, 671 P.2d 1037, 1040 (1983). Moreover, although the period from the filing of a defense motion to suppress through the "prompt disposition" of the motion is per se excludable in determining whether HRPP Rule 48 was violated, the circuit court did not address whether Jay's Motion to Suppress was "promptly disposed," which on the record before us, appears questionable.
We turn then to the question of whether the period from January 17, 2006 to June 16, 2006, which was attributable to the unavailability of a prosecution witness, was correctly excluded by the circuit court in determining Jay's Rule 48 Motion. HRPP Rule 48(c)(4) (i) provides for exclusion of a period of delay resulting from the unavailability of a witness if (1) the witness is material to the prosecution's case, (2) the prosecutor has exercised due diligence to obtain the presence of the witness, and (3) there are reasonable grounds to believe that the witness will be available at a later date. HRPP Rule 48 (c) (4) ( ); see State v. Ahlo, 79 Hawaii 385, 393, 903 P.2d 690, 698 (App. 1995).
At the time of the State's request for a continuance and at the hearing on the Motion to Dismiss, the State failed to make a sufficient showing that due diligence had been exercised to obtain the presence of the witness or evidence from which the court could reasonably conclude that the witness would be available at a later date. The State could only represent that it had lost contact with the witness, verified his address, and left phone messages for him.
HRPP Rule 48(c) (4) requires more. For example, in State v. Hirano, 8 Haw. App. 330, 802 P.2d 482 (1990), we determined a period of time attributable to witness unavailability to be excludable when the State knew that its witnesses would be traveling and their travel dates. Hirano, 8 Haw. App. at 336-37, 802 P.2d at 486. Similarly, in State v. Ferraro, 8 Haw. App. 284, 800 P.2d 623 (1990), we determined a period of time attributable to witness unavailability to be excludable when the State was in contact with one witness in France who assured the State that he would appear for trial but had been delayed, another witness was occupied testifying in another trial, and a third witness was scheduled to attend a convention on the mainland. Ferraro, 8 Haw. App at 28-99, 800 P.2d at 632. In these cases, the State had established contact with the witnesses and had reason to believe that the key witnesses would be available at a later date. In the present case, the State provided neither assurance, nor did it make a sufficient showing that the requirements of HRPP Rule 48(c) 4) had been met.
In the absence of evidence that the State exercised due diligence in trying to obtain the presence of Goodwin and in the absence of reasonable grounds to believe that Goodwin would be available at a later date, the circuit court was wrong to exclude the period from January 17, 2006 to June 16, 2006 in determining Jay's Rule 48 Motion. If such period is not excluded[7] from the 1,041 days that had elapsed from Jay's arrest to the filing date of his Rule 48 Motion, the net delay for Rule 48 purposes is 222 days. Since the non-excludable period of delay from the date of Jay's arrest to the filing date of the Rule 48 Motion exceeds the six-month delay permitted by HRPP Rule 48, the circuit court erred in denying the Rule 48 Motion.
Accordingly, we vacate the judgment entered by the circuit court on June 13, 2007 and remand this case to the circuit court with instructions that it dismiss the charges against Jay, with or without prejudice, in its discretion, in accordance with the principles outlined in State v. Estencion, Haw. 264, 269, 625 P.2d 1040, 1044 (1981), and State v. Coyaso, 73 Haw. 352, 833 P.2d 66 (1992 .
NOTES
[1] Judgment was entered by the Honorable Dexter D. Del Rosario (Judge Del Rosario).
[2] Judge Del Rosario entered the order denying Jay's motion to dismiss.
[3] The Honorable Clarence A. Pacarro presided.
[4] Based on our calculations, the following days elapsed between December 6, 2003 and October 12, 2006:

 December 7-31, 2003 24 days
 January 1 - December 31, 2004 366 days
 January 1 - December 31, 2005 365 days
 January 1 - October 12, 2006 286 days
 ___________
 Total 1,041 days

[5] The Honorable David William Lo presided.
[6] Judge Del Rosario presided.
[7] On appeal, the State takes the position that the time it took to transfer the case to circuit court should be excluded. This argument is made for the first time on appeal and contradicts the position taken by the State in the circuit court. Arguments not raised in the circuit court are deemed waived. Hawai`i Rules of Appellate Procedure Rule 28(b)(4); In the Matter of Hawaiian Flour Mills, Inc., 76 Hawai`i 1, 14 n. 5, 868 P.2d 419, 432 n. 5 (1994). Additionally, the doctrine of judicial estoppel prohibits the State from taking inconsistent positions in the course of litigation. See Roxas v. Marcos, 89 Hawai`i 91, 124, 969 P.2d 1209, 1242 (1998).