STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES MUNDON, Defendant-Appellant.
No. 28448
Intermediate Court of Appeals of Hawaii.
February 27, 2009.
On the briefs:
Stuart N. Fujioka, (Nishioka & Fujioka), for Defendant-Appellant.
Tracy Murakami, Deputy Prosecuting Attorney, County of Kaua'i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
By: RECKTENWALD, C.J., WATANABE, and FUJISE, JJ.
Defendant-Appellant James Mundon (Mundon) appeals from the judgment entered by the Circuit Court of the Fifth Circuit[1] (circuit court) on February 16, 2007, convicting and sentencing him for: (1) terroristic threatening in the first degree in violation of Hawaii Revised Statutes (HRS) §§ 707-715 (1993) and 707-716(1) (d) (1993) (Count 4); (2) kidnapping in violation of HRS § 707-720 (1) (d) (1993) (Count 24); (3) assault in the third degree in violation of HRS § 707-712(1) (a) (1993) (Count 25); (4) the lesser-included offense of attempted assault in the second degree in violation of HRS §.§ 707-711 (1993) and 707-500 (1993) (Count 27); and (5) attempted sexual assault in the first degree in violation of HRS §§ 707-730(1) (a) (Supp. 2005) and 707-500 (Count 28).[2]
Mundon contends that:
(1) The circuit court improperly denied his motion for dismissal pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000) because his December 11, 2006 trial did not commence within 180 days of his August 15, 2005 indictment;
(2) The circuit court deprived him of his constitutional rights to due process and to confront witnesses by commencing trial before he had received written transcripts of: (a) the February 9, 2004 preliminary hearing in Cr. No. 04-1-0043,[3] during which the complaining witness allegedly could not identify Mundon as her assailant; and (b) the August 15, 2005 grand-jury proceeding in Cr. No. 05-1-0206, the case underlying this appeal;
(3) He was deprived of due process when the circuit court commenced trial on Kaua'i even though he did not have access to his defense materials, which were on O'ahu, during the four days preceding trial;
(4) The circuit court denied him his constitutional right to counsel when it prohibited him from consulting with his standby counsel during a fifteen-minute recess called while he was being cross-examined by Plaintiff-Appellee State of Hawai'i (State);
(5) He was denied due process because the circuit court failed to give the jury a unanimity instruction and there were multiple acts that could have supported each offense; and
(6) The circuit court erred in imposing consecutive sentences based on facts not determined by a jury.
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we vacate the judgment in part, remand this case for further proceedings, and conclude as follows:

A.
As to Mundon's claim that his HRPP Rule 48 right to a speedy trial was violated, the record establishes that: (1) Mundon's then-defense counsel requested a continuance from May 15, 2006 to July 31, 2006; and (2) Mundon, acting pro se, requested a continuance from July 31, 2006 to December 11, 2006. These periods of continuance were properly excluded in determining Mundon's HRPP Rule 48 right to a speedy trial, and, contrary to Mundon's assertion, no requirement exists that a defendant waive HRPP Rule 48 in writing for a requested continuance to be excludable. See HRPP Rule 48(c) and State v. Diaz, 100 Hawai'i 210, 223, 58 P.3d 1257, 1270 (2002) (concluding that the waiver of speedy-trial rights due to continuance "only requires consent from either the defendant or the defendant's counsel") (emphasis added). Therefore, there is no merit to Mundon's HRPP Rule 48 claim.

B.
As to Mundon's second issue, the State acknowledges and we agree that Mundon should have been provided the written transcripts that he requested. See Britt v. North Carolina, 404 U.S. 226, 228 (1971) (per curiam); Roberts v. LaVallee, 389 U.S. 40, 41-42 (1967); Gonzales v. District Court, 602 P.2d 857, 858 (Colo. 1979). The State argues, however, that Mundon has not shown that he was prejudiced by proceeding to trial without the written transcripts. We agree.
The record shows that although the transcripts were not provided to Mundon prior to the start of trial, the circuit court ordered that a compact disk (CD) recording of the preliminary-hearing and grand-jury proceedings be made available to Mundon and that Mundon's standby counsel work out the logistics for Mundon to review the CD. When the circuit court was notified on the first day of trial that Mundon and his standby counsel had yet to review the CD, the circuit court allowed them to review the CD at the courthouse during trial breaks. Mundon does not claim on appeal that he was precluded from reviewing the CD.
Mundon claims that he was entitled to a transcript of the preliminary hearing so he could cross-examine the complaining witness, who allegedly was unable to identify him at the preliminary hearing. However, Mundon has not substantiated this claim by including the transcript of the preliminary hearing in the record on appeal. See State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) (holding that error will not be presumed "from a silent record" and that "[w]ithout the relevant transcript, there is insufficient evidence to review the alleged error, and [the appellant] carries the burden of demonstrating the alleged error in the record."). Moreover, Mundon himself testified at trial that he was with the complaining witness on the night in question.
Regarding Mundon's request for a transcript of the grand-jury proceeding, the record indicates that all that transpired before the grand jury was the playing of the tape recording of the complaining witness's interview with a police officer, which recording had previously been provided to Mundon.
Finally, we note that Mundon, defending himself at trial, obtained acquittals on twenty-three of the twenty-eight counts with which he was charged.

C.
As to Mundon's third issue on appeal, the record on appeal establishes that although Mundon had expected to depart O'ahu for Kaua'i on Monday, December 11, 2006, the first day of his scheduled trial, he was flown by prison officials to Kaua'i on Thursday, December 7, 2006 and incarcerated at the Kaua'i Community Correctional Facility. Due to his sudden departure, Mundon was unable to retrieve all of his defense materials, including motions and objections that he had prepared, and accordingly, he did not have the defense materials for trial-preparation purposes during the four days prior to trial. On the first day of trial, when Mundon complained about his separation from his defense materials, the circuit court refused to continue trial and reminded Mundon that he had been warned about the risks of self-representation.
Mundon contends that it was inappropriate for the circuit court to begin trial when he had lost four days to prepare for trial and did not have access to his defense materials. While it is unfortunate that Mundon did not have the benefit of his defense materials during the days leading up to trial, we cannot conclude that the circuit court abused its discretion in refusing to continue the commencement of trial.
The record indicates that the prospective jurors for Mundon's trial had been summoned and were already at the courthouse. Additionally, the first day of trial was devoted to jury selection and pre-trial motions, and no evidence was presented. Mundon was prepared for his arguments on each motion and was articulate in his presentation. Moreover, Mundon's defense materials arrived at the Kaua'i courthouse on the morning of the second day of trial, before the State's first witness was put on the stand, and Mundon actively participated in the questioning of all witnesses. Furthermore, the record reveals that Mundon's standby counsel was an active advocate for Mundon throughout the trial and protected his interests well.
D.
With regard to the fourth argument that Mundon was denied his constitutional right to counsel when the circuit court denied his standby counsel's request to approach and speak with Mundon during a court recess, we conclude that: (1) Mundon is judicially estopped from raising this argument since he clearly invoked his right to self-representation and received a discretionary appointment of standby counsel; and (2) the circuit court did not abuse its discretion in prohibiting Mundon's standby counsel from consulting with Mundon during the fifteen-minute recess while the State's cross-examination of Mundon was in progress because the record establishes that the circuit court effectively communicated the advice that standby counsel desired to impart to Mundon  that Mundon should ask for clarification if he did not understand a question posed to him. See State v. Hirano, 8 Haw. App. 330, 333-34, 802 P.2d 482, 484 (1990) (stating that the "constitutional rights to self-representation and representation by counsel are viewed as mutually exclusive" and a pro se defendant "does not have a constitutional right to choreograph special appearances by counsel"); State v. Adler, 108 Hawai'i 169, 175, 118 P.3d 652, 658 (2005) (stating that judicial estoppel does not allow a party to "maintain inconsistent positions" that will prejudice another party).

E.
We agree with Mundon that the circuit court erred in failing to give a specific unanimity instruction as to Count 25 (assault in the third degree) because the State adduced proof of separate and distinct culpable acts that could have supported the verdict for this offense and the State failed to elect the specific conduct upon which the count was based "at or before the close of its case-in-chief, thereby rendering insufficient [the State's] attempt to do so during closing arguments."[4] State v. Kassebeer, 118 Hawai'i 493, 509, 193 P.3d 409, 425 (2008) (internal quotation marks, citation, and emphasis omitted).
However, we conclude that no unanimity instruction was required as to the two terroristic-threatening-in-the-first-degree charges because the State adduced proof of two separate and distinct culpable acts of terroristic threatening in the first degree and charged Mundon with two counts of terroristic threatening in the first degree. See id. at 508, 193 P.3d at 424.
We also conclude that no unanimity instruction was required for the kidnapping and attempted-sexual-assault-in-the-first-degree charges against Mundon because these offenses were supported by evidence of a continuous course of conduct over a period of time. See State v. Apao, 95 Hawai'i 440, 450, 24 P.3d 32, 42 (2001); and State v. Sabog, 108 Hawai'i 102, 114-15, 117 P.3d 834, 846-47 (App. 2005).
As to Count 27, which charged Mundon with attempted assault in the first degree, Mundon concedes in his opening brief that the State elected the shoving of sand in the complaining witness's mouth as the specific conduct upon which this count was based. A unanimity instruction is not required under such circumstances. State v. Gomes, 93 Hawai'i 13, 21, 995 P.2d 314, 322 (2000).

F.
Although not argued by either party, our review of the record indicates that it is possible that Mundon's convictions for (1) Counts 4 (terroristic threatening in the first degree) and 24 (kidnapping), and (2) Counts 25 (assault in the third degree) and 27 (attempted assault in the second degree) were improperly based on the same conduct and thus warranted a merger instruction to the jury. See HRS § 701-109(1) and (4) (1993); State v. Caprio, 85 Hawai'i 92, 106, 937 P.2d 933, 947 (App. 1997) (stating that "the jury could not rely on the same leg restraint to convict [the defendant] of both the kidnapping and sexual assault charges"), overruled on other grounds in State v. Feliciano, 107 Hawai'i 469, 479-80, 115 P.3d 648, 658-59 (2005); State v. Frisbee, 114 Hawai'i 76, 84, 165 P.3d 1182, 1190 (2007) (stating that appellate courts may notice plain error where jury instructions fail to preclude convictions that violate HRS § 701-109). However, "HRS § 701-109 (1) (e) only prohibits conviction for two offenses if the offenses merge; it specifically permits prosecution on both offenses." State v. Padilla, 114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007). Therefore, on remand, the State shall have the options to: (1) either (a) dismiss the terroristic-threatening-in-the-first degree (Count 4) or the kidnapping (Count 24) offense, or (b) retry Mundon on both Counts 4 and 24, with an appropriate merger instruction given to the jury; and (2) either (a) dismiss the assault-in-the-third-degree (Count 25) or the attempted assault-in-the-second-degree (Count 27) offense, or (b) retry Mundon on both Counts 25 and 27, with an appropriate merger instruction given to the jury.

G.
In light of the Hawai'i Supreme Court's decision in State v. Kahapea, 111 Hawai'i 267, 141 P.3d 440 (2006), Mundon's claim that the circuit court's imposition of consecutive sentences violated his right to a jury trial is without merit. See also Oregon v. Ice, 129 S. Ct. 711, 714-15 (2009) (holding that under the Sixth Amendment to the United States Constitution, states may impose consecutive sentences based on facts determined by a judge "in light of historical practice and the authority of States over administration of their criminal justice systems").

CONCLUSION
In light of the foregoing discussion, we vacate that part of the February 16, 2007 judgment that convicted and sentenced Mundon for terroristic threatening in the first degree, kidnapping, assault in the third degree, and attempted assault in the second degree and remand this case for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.
NOTES
[1] The Honorable Kathleen N. A. Watanabe presided.
[2] Pursuant to an indictment filed on August 15, 2005, Mundon was charged with a total of twenty-eight counts stemming from an incident that took place on the evening of February 4, 2004 at a beach in Kapa'a, Kaua'i. In Counts 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22, Mundon was charged with sexual assault in the third degree. In Counts 4 and 26, Mundon was charged with terroristic threatening in the first degree; in Count 23, he was charged with attempted sexual assault in the third degree; in Count 24, he was charged with kidnapping; in Count 25, he was charged with assault in the third degree; in Count 27, he was charged with attempted assault in the first degree; and in Count 28, he was charged with attempted sexual assault in the first degree. Mundon was acquitted of the counts that he was not convicted of.
[3] Cr. No. 04-1-0043 was the case number for a prior case against Mundon, involving identical charges as in the instant case. The prior case was dismissed for HRPP Rule 48 violations.
[4] The transcripts of the trial proceedings reveal that the State did not address the assault-in-the-third-degree count at all during its closing argument.