**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000322
18-FEB-2025
07:58 AM
Dkt. 41 SO**

NO. CAAP-24-0000322

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NICHOLAS BURNS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-19-0000511)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Nicholas Donald **Burns** appeals from the April 1, 2024 Second Order of Resentencing entered by the Circuit Court of the Third Circuit.[1] We vacate and remand for further proceedings.

Burns has, he admits, "a long history of interaction with the Court for an array of criminal proceedings." The interaction here began when Burns was charged in Hilo with Theft in the Third Degree, Promoting a Dangerous Drug in the Third Degree, and Prohibited Acts Related to Drug Paraphernalia. On December 10, 2019, he pleaded no contest to Theft in the Third Degree and Promoting a Dangerous Drug in the Third Degree under a plea agreement. The State agreed to dismiss count 3 for drug paraphernalia. A Judgment of Conviction and Probation Sentence

---

[1] The Honorable Wendy M. DeWeese presided.

was entered on December 12, 2019.  Burns was sentenced to probation for four years, subject to various conditions.

On April 9, 2020, the State moved to revoke probation and resentence Burns.  The motion was based on Burns's conviction and sentence on March 6, 2020, for Habitual Property Crime in Judiciary Information Management System (**JIMS**) case no. 3CPC-19-0000468 (**Kona Case 1**), and on March 6, 2020, for Habitual Property Crime in JIMS case no. 3CPC-19-0000977 (**Kona Case 2**).  The State withdrew its motion on June 3, 2021, because the circuit court in the Kona Cases had granted Burns's motions for reduction of sentence and resentenced Burns to probation subject to conditions.

Much happened in this case and the Kona Cases after June 3, 2021, that is not material to this appeal.  On January 9, 2024, the State moved to revoke Burns's probation and resentence him in all three cases.  Burns was represented in the underlying Hilo case by court-appointed counsel Ivan **Van Leer** and in the Kona Cases by court-appointed counsel William **Reece**.  The motions were consolidated and heard on January 29, 2024.  Reece entered his appearance for Burns in the Kona Cases, and made "a special appearance for Mr. Van Leer" in this case.  Burns then stated:

> THE DEFENDANT:  Good morning, Your Honor; Nicholas Burns.  Before we proceed with anything else I would like [to] dismiss counsel in [Kona Case 1] and [Kona Case 2].
>
> THE COURT:  Okay.  Your request is denied.[2]
>
> Mr. Reece, how does Mr. Burns wish to proceed with the motions to revoke?
>
> THE DEFENDANT:  Mr. Reece is not authorized to represent me anymore.
>
> THE COURT:  Mr. Reece, how does Mr. Burns wish to proceed?  Does he wish to have a hearing?
>
> MR. REECE:  He doesn't --

---

2       The circuit court had previously denied Burns's November 19, 2019 request that Reece withdraw from representing him in Kona Case 1.

> THE DEFENDANT:  I haven't talked to him.  There's no communication.  If there's no communication there's no defense.
>
> THE COURT: Oh, okay.  [To the deputy prosecuting attorney:]  Mr. Frye, we'll proceed with the hearing.  Okay.

After hearing evidence, the circuit court found that Burns intentionally violated substantial terms or conditions of his probation.  The court orally granted the motions.  The resentencing hearing in all three cases was held on April 1, 2024.  An order revoking Burns's probation and resentencing him was entered in each case on April 1, 2024.  This appeal followed.[3]

Burns states two points of error: **(1)** the circuit court erred by finding he inexcusably violated conditions of probation; and **(2)** the circuit court erred by denying his request to discharge Reece.  The second point is dispositive.

> Although there is no absolute right, constitutional or otherwise, for an indigent to have the court order a change in court-appointed counsel, when an indigent defendant requests that appointed counsel be replaced, the trial court has a duty to conduct a "penetrating and comprehensive examination" of the defendant on the record, in order to ascertain the bases for the defendant's request.

State v. Harter, 134 Hawaiʻi 308, 323, 340 P.3d 440, 455 (2014) (cleaned up).  The examination must be "sufficient to enable the court to determine if there is 'good cause' to warrant substitution of counsel." Id.  The circuit court did not conduct a Harter examination in this case.

The State argues this point of error is waived because Burns "never objected to Reece's special appearance in this case or requested to continue the hearing for Van Leer to appear." The State's argument is not persuasive because Burns said "Mr. Reece is not authorized to represent me anymore" and "I haven't talked to him.  There's no communication.  If there's no communication there's no defense."  Burns thus objected to Reece

---

[3]     Burns did not appeal from the orders entered in the Kona Cases.

representing him in the consolidated hearing in this case and in the Kona Cases.

The State argues, "[d]efendants cannot 'impede the course of justice or divert or blockade the orderly flow of business in our court system,' by attempting to fire appointed counsel at the last minute" (quoting State v. Torres, 54 Haw. 502, 505, 510 P.2d 494, 496 (1973)). An indigent defendant cannot dismiss court-appointed counsel by simply moving to dismiss. See State v. Hirano, 8 Haw. App. 330, 333-34, 802 P.2d 482, 484 (1990) (noting that "[a] defendant does not have a constitutional right to choreograph special appearances by counsel"). But failure to conduct a Harter examination is a structural error. Cf. State v. Cramer, 129 Hawaiʻi 296, 303, 299 P.3d 756, 763 (2013) (holding denial of a continuance to appoint new counsel was a "structural error"); State v. Reed, 135 Hawaiʻi 381, 386, 351 P.3d 1147, 1152 (2015) (holding the "denial of the right to retained counsel of choice" is a structural error); State v. Loher, 140 Hawaiʻi 205, 222, 398 P.3d 794, 811 (2017) (noting an appellate court would need to "engage in pure speculation" to determine the impact alternate counsel might have in a hearing).

The circuit court's April 1, 2024 Second Order of Resentencing is vacated, and this case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, February 18, 2025.

On the briefs:

Ivan L. Van Leer,
for Defendant-Appellant.

Charles E. Murray III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge